# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD RANSOM, | CASE NO. 1:10-cv-00 397 GSA PC |
| Plaintiff, | ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT WITHIN TWENTY DAYS |
| v. | |
| DON GONZALEZ, et al., | |
| Defendants. / | |

## Screening Order

**I.      Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Plaintiff's Claims**

Plaintiff, currently incarcerated at CCI Tehachapi, brings this civil rights action against correctional officials employed by the California Department of Corrections and Rehabilitation at Kern Valley State Prison. Plaintiff's complaint is 44 pages long, and names 25 individual defendants. Plaintiff sets forth claims of excessive force, medical care, conditions of confinement in Administrative Segregation, retaliation, due process and equal protection.

"The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or alternate claims, as many claims, legal equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are permissible, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass (a multiple claim, multiple defendant) suit produces, but also to ensure that prisoners pay the required filing fees.

Plaintiff's complaint is voluminous and includes multiple unrelated claims against differing defendants. While it appears that Plaintiff may be able to state at least one cognizable claim, he clearly violates Rule 18(a) by including multiple unrelated claims in this single filing. Plaintiff will be given an opportunity to file a second amended complaint under this case number, wherein he is directed to plead/allege only related claims. All unrelated claims should be brought in separate suits.

Plaintiff is advised that if he chooses to file an amended complaint, and fails to comply with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are dismissed as strikes, such that Plaintiff may be barred from filing in forma pauperis in the future.

Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

As noted, the court must screen the complaint prior to service upon defendants. 28 U.S.C. § 1915A(b)(1),(2). At the screening stage, the court is only determining whether Plaintiff states a colorable claim for relief. Should Plaintiff state a claim for relief, the court will direct service of process. A schedule for litigation will be set, including the opportunity to engage in discovery. Plaintiff does not need to prove his case at this stage of the litigation. The court is only determining whether Plaintiff states a colorable claim. Legal argument and evidence are not required at this stage of litigation.

Plaintiff is advised that a short and simple statement of his claim will speed the screening of his case, and will help the litigation proceed in a more efficient manner. Plaintiff is advised that this court has pending before it many prisoner civil rights cases. In the Eastern District of California, the federal judiciary is inundated with prisoner civil rights cases. In the interest of judicial efficiency and in the interest of timely addressing the many constitutional claims before it, the court therefore directs Plaintiff to file an amended complaint that complies with the following conditions:

1. The amended complaint must be legibly written or typewritten on forms supplied by the court and signed by the plaintiff.

2. The form must be completed in accordance with the instructions provided with the forms.

3. The amended complaint must be a short, simple and concise statement of the claim.

4. Additional pages beyond those allowed in the court's form may not exceed 25 pages without leave of court.

5. The court approved form and any additional pages submitted must be written or typed on

3

1 only one side of a page and the writing or typewriting must be no smaller in size than standard elite
2 type.
3     The Court also notes that Plaintiff has filed a notice of change of address, indicating that he
4 is housed at CCI Tehachapi.  The docket indicates Plaintiff's former address at CSP Corcoran.  The
5 Clerk will therefore be directed to change the docket to reflect Plaintiff's current address.

### III.     Conclusion and Order

7     The Court finds Plaintiff's complaint to be voluminous.  Plaintiff's complaint includes
8 claims that are not related within the meaning of Rule 18(a).  Plaintiff is therefore directed to file
9 an amended complaint that includes only related claims.

10     Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
11 named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,
12 Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be
13 [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v.
14 Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

15     Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
16 Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
17 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
18 pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original
19 complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing
20 to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at
21 1474.

22     Accordingly, based on the foregoing, it is HEREBY ORDERED that:
23     1.     Plaintiff is directed to file an amended complaint that includes only related claims.
24     2.     The Clerk's Office shall send to Plaintiff a complaint form;
25     3.     Within **twenty** from the date of service of this order, Plaintiff shall file an amended
26         complaint;
27     4.     Plaintiff may not add any new, unrelated claims to this action via his amended
28         complaint and any attempt to do so will result in an order striking the amended

complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will dismiss this action for Plaintiff's failure to comply with a court order.

6. The Clerk's Office is directed to correct the docket to reflect Plaintiff's address as noted on the June 17, 2010, notice of change of address.

IT IS SO ORDERED.

Dated:   **April 5, 2012**                              /s/ **Gary S. Austin**
                                                                UNITED STATES MAGISTRATE JUDGE