UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD RANSOM, JR.,<br><br>           Plaintiff,<br><br>     vs.<br><br>DANIEL GONZALEZ, et al.,<br><br>           Defendants. | 1:10-cv-00397-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATION, RECOMMENDING THAT DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS BE DENIED (Doc. 27.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

### I. BACKGROUND

Leonard Ransom, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. §1983. Plaintiff filed the Complaint commencing this action on March 8, 2010, together with a motion for leave to proceed in forma pauperis. (Docs. 1, 2.) On March 10, 2010, the Court granted Plaintiff leave to proceed in forma pauperis and issued an order directing the California Department of Corrections and Rehabilitation (CDCR") to send payments to the Court from Plaintiff's prison trust account for the $350.00 filing fee for this action. (Doc. 4.) This case now proceeds on the initial Complaint, against defendants C/O M. Amador, C/O Daniel Nava, C/O R. Marquez, and C/O Ralph Nunez for use of excessive force; and against defendants C/O Daniel Nava, C/O R. Marquez, Sgt. J. Ybarra, and Lt. Carlos Sandoval for failure to protect Plaintiff.[1]

---

[1] On August 8, 2012, the Court dismissed Plaintiff's claim regarding his disciplinary process from this action for failure to state a claim. (Doc. 17.) The Court also dismissed defendants Daniel Gonzalez and Sergeant Ybarra from this action, based on Plaintiff's failure to state any claims against them. Id. The Court also dismissed defendants Saul Ochoa, Harold Tyson, Eric Lunsford, Daniel Gonzalez, and Gina Marquez, without prejudice, on Plaintiff's motion. Id. On October 3, 2012, defendant Sergeant Ybarra was reinstated as a defendant, under Fed. R. Civ. P. 60. (Doc. 22.)

On December 21, 2012, defendants Amador, Marquez, Nava, Nunez, and Sandoval filed a motion to revoke Plaintiff's in forma pauperis status. (Doc. 27.) On February 21, 2013, Plaintiff filed an opposition to the motion. (Doc. 34.) On February 27, 2013, defendants Amador, Marquez, Nava, Nunez, and Sandoval filed a reply to the opposition. (Doc. 35.) On April 4, 2013, with leave of court, Plaintiff filed a supplemental opposition. (Doc. 37.) On April 11, 2013, defendant Ybarra joined the motion to revoke Plaintiff's in forma pauperis status. (Doc. 41.) On April 29, 2013, defendants Amador, Marquez, Nava, Nunez, Sandoval, and Ybarra filed a reply to Plaintiff's supplemental opposition. (Doc. 45.)

Defendants' motion to revoke Plaintiff's in forma pauperis status is now before the court.

**II.    MOTION TO REVOKE IN FORMA PAUPERIS STATUS**

Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. "Plaintiffs normally must pay $350[2] to file a civil complaint in federal district court, 28 U.S.C. § 1914(a), but 28 U.S.C. § 1915(a)(1) allows the district court to waive the fee, for most individuals unable to afford it, by granting in forma pauperis status." Andrews v. Cervantes, 493 F.3d 1047, 1051 (9th Cir. 2007). However, § 1915(g) provides that "[i]n no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The imminent danger "exception applies if the danger existed *at the time* the prisoner filed the complaint." Andrews, 493 F.3d at 1053, citing United States v. Jackson, 480 F.3d 1014, 1018-19 (9th Cir. 2007) (emphasis added).

Section 1915(g) is commonly known as the "three strikes" provision. Andrews v. King, 398 F.3d 1113, 1116 n. 1 (9th Cir.2005). "Strikes" are prior cases or appeals, brought while the

---

[2] At the time Plaintiff filed the Complaint commencing this action, the fee to file a civil rights action was $350.00. The filing fee has now risen to $400.00.

Plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim.  Id.  Pursuant to Section 1915(g), a prisoner with three strikes or more, generally cannot proceed IFP.[2] Id.*;* see also Andrews, 493 F.3d at 1052 (Under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]").

The Ninth Circuit has cautioned district courts to carefully examine orders of dismissal for their basis in determining whether they count as "strikes" under § 1915(g), because not all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim. Andrews, 398 F.3d at 1121.  Whether an action was dismissed because it was frivolous, malicious or failed to state a claim turns on an evaluation of the dismissal order and other relevant information. Id.; see also Moore v. Maricopa County Sheriff's Office, 657 F.3d 890, 895 (9th Cir. 2011) (whether dismissal order counts as a strike depends on "reasonable interpretation" of order); O'Neal v. Price, 531 F.3d 1146, 1153-55 (9th Cir. 2008) (disposition of complaint, either with or without prejudice, constitutes a "dismissal" for purposes of section 1915(g)).

In Andrews v. King*,* the Ninth Circuit shed light on how courts are to assess whether a given case qualifies as a "strike."  Using the "ordinary, contemporary, [and] common meaning[s]" of the terms "frivolous" and "malicious," the court concluded that: (1) a case is "frivolous" for purposes of Section 1915(g) "if it is of little weight or importance" or "ha[s] no basis in law or fact"; and (2) a case is "malicious" if it was filed with the "intention or desire to harm another." Andrews, 398 F.3d at 1121 (citations omitted); see also Neitzke v. Williams*,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("[A] complaint, containing . . . both factual allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an arguable basis either in law or in fact . . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.") (footnote and citations omitted).  As to Section 1915(g)'s language regarding an

3

action which "fails to state a claim on which relief may be granted," the court noted that it had previously held that such phrase, as used elsewhere in Section 1915, parallels the language of Federal Rule of Civil Procedure 12(b)(6). <u>Andrews</u>, 398 F.3d at 1121 (citing <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir.1998), cert. denied, 525 U.S. 1154, 119 S.Ct. 1058, 143 L.Ed.2d 63 (1999)). The court thereby suggested that such language in Section 1915(g) should have the same meaning as it does under Rule 12(b)(6).

When a defendant challenges a prisoner-plaintiff's right to proceed in forma pauperis, the defendant bears the burden of producing sufficient evidence to establish that Section 1915(g) bars the plaintiff's in forma pauperis status. <u>Andrews</u>, 398 F.3d at 1116, 1120. The defendant must produce court records or other documentation that will allow the district court to determine that a prior case was dismissed because it was "frivolous, malicious or fail[ed] to state a claim." <u>Id.</u> (quoting Section 1915(g)). Once the defendant has made out a prima facie case, the burden shifts to the plaintiff to persuade the court that Section 1915(g) does not apply. <u>Id.</u>

**A.     Defendants' Motion**

Defendants argue that the court should revoke Plaintiff's IFP status under § 1915(g) because, at the time this case was filed, Plaintiff had three prior actions that count as "strikes" under § 1915(g) because they were dismissed for failure to state a claim:

(1) <u>Ransom v. County of Santa Clara</u>, Case No. 3:03-cv-5729-JSW, dismissed by the Court for the Northern District of California on April 22, 2004, "as barred by the statute of limitations";

(2) <u>Ransom v. State of California</u>, Case No. 1:09-cv-01688-AWI-DLB-PC, dismissed by the Court for the Eastern District of California on December 15, 2010, because "Plaintiff fail[ed] to state any cognizable claims"; and

(3) <u>Ransom v. Santa Clara County</u>, Case No. 5:93-cv-20372, dismissed by the Court for the Northern District of California on July 9, 1993, because Plaintiff failed to state any cognizable claims. (Points and Authorities, Doc. 27-1 at 3 ¶II.)

///

Defendants request the court to take judicial notice of the dismissals in Plaintiff's three cases listed above.

B.   **Plaintiff's Opposition**

Plaintiff concedes that the dismissal of his case Ransom v. Santa Clara County, Case number 5:93-cv-20372-RMW is a "strike" within the meaning of § 1915(g). However, Plaintiff argues that the other two cases cited by Defendants do not count as "strikes."

With respect to Ransom v. State of California, Case number 1:09-cv-01688-AWI-DLB-PC, Plaintiff asserts that during the preliminary stages of the litigation, he learned of a case, In re Vicks, which was decided by the California Court of Appeals, Fourth District. The decision supported the central issue in Plaintiff's case, but would take time to work its way up through the judicial process. Based on this knowledge, Plaintiff decided not to file an amended complaint when the court dismissed his complaint with leave to amend. On December 15, 2010, Plaintiff filed a Motion and Request for Voluntary Withdrawal of the action. (Opp'n, Doc. 34 at 6.) On January 5, 2011, the court issued an order directing the Clerk to close the action pursuant to Plaintiff's motion and Rule 41(a)(1)(A). Plaintiff argues that his actions in this case were not those of a vexatious litigant which would fall under the "three strikes" provision of the PLRA.

With respect to Ransom v. County of Santa Clara, Case number 3:03-cv-05729, Plaintiff asserts that he filed the case under the mistaken assumption that tolling provisions were applicable to him, and he even paid the filing fee in full. The case was dismissed by the court as "barred by the statute of limitations." (Opp'n at 17.) Plaintiff argues that the dismissal of this case does not count as a "strike," because the court did not address the merits of the case or find that it was "malicious, did not state a claim, or frivolous." (Opp'n at 4 ¶18.)

C.   **Defendants' Reply to Opposition**

With respect to Plaintiff's case Ransom v. State of California, Case number 1:09-cv-01688-AWI-DLB-PC, Defendants argue that the dismissal counts as a "strike," notwithstanding Plaintiff's right to dismiss his case, because the court had already dismissed Plaintiff's entire complaint for failure to state a claim. (Request for Judicial Notice, Doc. 28-2 at 14-15.)

### D. Plaintiff's Supplemental Opposition

Plaintiff argues that because his case Ransom v. State of California, Case number 1:09-cv-01688-AWI-DLB-PC was dismissed without prejudice pursuant to Rule 41(a)(1)(A), which "terminates the action [as if] no action had been brought," and there has not been "a prior dismissal involving the same claim," this dismissal does not count as a "strike." (Supplemental Opp'n, Doc. 37 at 3-4.)

### E. Defendants' Reply to Supplemental Opposition

Defendants reply that in the Ninth Circuit, dismissals without prejudice count as strikes as long as the dismissal is made because the action is "frivolous, malicious, or fails to state a claim." (Reply, Doc. 45 at 2:13-15.)

## III. DISCUSSION

The court takes judicial notice of the court records submitted by Plaintiff and Defendants.[3]  The parties are in agreement that the dismissal of Plaintiff's case Ransom v. Santa Clara County, Case number 5:93-cv-20372-RMW is a "strike" within the meaning of § 1915(g).  The court has reviewed the evidence submitted by Defendants, including a copy of the order dismissing this case, and finds that it was dismissed for failure to state a claim.  Therefore, the court finds that this case qualifies as a "strike" within the meaning of § 1915(g).

However, Defendants have not met their burden of producing sufficient evidence to establish that Plaintiff's two other cases qualify as "strikes," barring Plaintiff from proceeding in forma pauperis under § 1915(g).

### Voluntary Dismissal under Rule 41

Defendants provide evidence that Plaintiff's case Ransom v. State of California, Case No. 1:09-cv-01688-AWI-DLB-PC was dismissed pursuant to Plaintiff's request for dismissal

---

[3] "A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d).  The court may take judicial notice of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.l (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).  A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Bias v. Moynihan, 508 F.3d 1212, 1215 (9th Cir. 2007) (quoting Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002)).  Facts that may be judicially noticed include a court's own records in other cases.  United States v. Wilson, 631 F.2d 118, 119-20 (9th Cir. 1980).

under Rule 41 of the Federal Rules of Civil Procedure, after Plaintiff failed to file an amended complaint in accordance with the court's order dismissing Plaintiff's complaint with leave to amend for failure to state a claim. Defendants contend that this dismissal counts as a "strike" because Plaintiff did not dismiss the case until after the court ruled on the merits and determined that "Plaintiff fail[ed] to state any cognizable claims." (Request for Judicial Notice, Exh. 2 (Findings and Recommendations), Doc. 28 at 13.)

Defendants have produced a copy of the Findings and Recommendations dismissing the complaint with leave to amend, but not copies of the orders dismissing the complaint and closing the case. (Id.) Defendants have also produced a copy of the printout listing the docket entries for this action and including abbreviated descriptions of those entries. (Id.) It is Defendants' initial burden to produce documentary evidence that the Plaintiff has incurred the three strikes. Andrews, 398 F.3d at 1120. It appears clear from the printout that the case was dismissed pursuant to Plaintiff's notice of voluntary dismissal, but without examining the order dismissing the case, the court cannot evaluate the language of the order to make a certain determination.

Ordinarily, a voluntary dismissal under Rule 41 does not constitute a dismissal on the grounds that an action or appeal is "frivolous, malicious, or fails to state a claim upon which relief may be granted," pursuant to the definitions given in Andrews, 398 F.3d at 1121. Therefore, it is likely, notwithstanding Defendants' evidence that Plaintiff did not dismiss the case until after the court dismissed Plaintiff's complaint with leave to amend for failure to state a claim, that Plaintiff's voluntary dismissal does not qualify as a "strike."

**Dismissal as Time-Barred under the Statute of Limitations**

Defendants cite Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980) in support of their argument that the dismissal of Plaintiff's case Ransom v.County of Santa Clara, Case number 3:03-cv-05729, based upon the statute of limitations, constitutes a "strike," "because 12(b)(6) motions are proper for dismissing a case if the claims are barred by the statute of limitations." (Reply, Doc, 35 at 2:10-12.)

///

The Ninth Circuit has not unequivocally decided that the dismissal of a case as time-barred under the statute of limitations qualifies as a "strike" under § 1915(g). The court in Jablon held that a statute of limitations defense "may be raised by a motion for dismissal" [under Rule 12(b)(6)] . . . [i]f the running of the statute is apparent on the face of the complaint." Jablon, 614 F.2d at 682, accord Yenidunya Investments, Ltd. v. Magnum Seeds, Inc., Case number 2:11-1787 WBS, 2011 WL 5241350 at *2 (E.D. Cal. Oct. 31, 2011). Jablon also held that "[i]f the defense does not appear on the face of the complaint and the trial court is willing to accept matters outside of the pleadings, the defense can still be raised by a motion to dismiss accompanied by affidavits." Jablon, 614 F.2d at 682.

Defendants have submitted a copy of the printout listing the docket entries for Plaintiff's case Ransom v.County of Santa Clara, Case number 3:03-cv-05729, where it is written at entry number 4 that "an order of judgment is entered DISMISSING this civil rights action as barred by the statute of limitations." (Doc. 28-1 at 3.) Neither Defendants nor Plaintiff have submitted a copy of the "ORDER DISMISSING CASE," cited in entry number 3. (Id.) Without examining the order which dismissed the case, the court cannot consider the substance of the dismissal to determine whether this dismissal constitutes a "strike" under § 1915(g).

**Imminent Danger Exception – 28 U.S.C. § 1915(g)**

As discussed above, § 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury*." 28 U.S.C. § 1915(g) (emphasis added). Under the imminent danger exception of § 1915(g), even if Plaintiff had three or more actions dismissed as frivolous, as malicious, or for failing to state a claim upon which relief may be granted, he would not be subject to § 1915(g)'s provision precluding him from proceeding in forma pauperis if he was, at the time the present complaint was filed, under "imminent danger" of serious physical injury.


Defendants have not addressed this issue or provided evidence that Plaintiff does not qualify for § 1915(g)'s imminent danger exception. Thus, with respect to the imminent danger issue, the court finds that Defendants failed to provide sufficient evidence to prevail on their motion to revoke Plaintiff's in forma pauperis status.

## IV.   CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion to revoke Plaintiff's in forma pauperis status, filed on December 21, 2012, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 15, 2013**                    **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE