UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD RANSOM, JR., | 1:10-cv-00397-AWI-GSA-PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATION IN PART (Doc. 50.) |
| vs. | |
| DANIEL GONZALEZ, et al., | ORDER DENYING DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS (Doc. 27.) |
| Defendants. | |
| | ORDER FOR DEFENDANTS TO FILE ANSWER WITHIN THIRTY DAYS |

**I.    BACKGROUND**

Leonard Ransom, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 16, 2013, findings and a recommendation were entered, recommending that Defendants' motion to revoke Plaintiff's in forma pauperis status be denied.  (Doc. 50.)  On October 11, 2013, Defendants filed objections.  (Doc. 52.)  On October 31, 2013, Plaintiff filed a reply to Defendants' objections.  (Doc. 55.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a <u>de novo</u> review of this case.  Having carefully reviewed the entire file, the court now addresses Defendants' objections to the findings and recommendation.

1

## II. DEFENDANTS' OBJECTIONS

### A. Defendants' Initial Burden

Defendants object to the Magistrate Judge's finding that they bear an initial burden to provide evidence that Plaintiff does not qualify for § 1915(g)'s imminent danger exception. The Magistrate Judge found, "with respect to the imminent danger issue, . . . that Defendants failed to provide sufficient evidence to prevail on their motion." (Findings and Recommendation (F&R), Doc. 50 at 9:2-4.)

Defendants argue that they do not bear the initial burden to show that the imminent danger exception does not apply, and the lack of imminent danger is not an element necessary to establish that a prisoner is not entitled to in forma pauperis status. Plaintiff argues that Defendants failed to meet their burden in establishing a prima facie case; however, Plaintiff acknowledges that he would bear the burden of showing that he satisfies the "imminent danger" exception in response to a showing by Defendants that he has three strikes.

Defendants' argument has merit. Defendants correctly cite the Ninth Circuit's finding in Andrews v. King that the defendants' initial burden is to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions that were dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005). "Once the defendants have met this initial burden, the burden then shifts to the prisoner." Id. "The prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status." Id.

The Court finds that Defendants' initial burden includes a showing that the "imminent danger" exception does not apply to Plaintiff. Therefore, this finding by the Magistrate Judge will respectfully not be adopted.

### B. Dismissal as Time-Barred by the Statute of Limitations

Defendants object to the Magistrate Judge's finding that their evidence was not sufficient for the court to find that the dismissal of Plaintiff's case Ransom v. County of Santa Clara, case number 3:03-cv-5729, as time-barred under the statute of limitations constitutes a "strike" under 28 U.S.C. § 1915(g). The Magistrate Judge found that because Defendants did

not submit a copy of the order dismissing Plaintiff's case, the court could not determine the substance of the dismissal: whether the running of the statute of limitations was apparent on the face of the complaint, or if the trial court had accepted matters outside of the pleadings. (F&R, Doc. 50 at 8:1-17.)

Defendants argue that it was apparent by the docket they submitted that the case was dismissed as time-barred by the statute of limitations prior to defendants making any appearance in the case, thus demonstrating that "the face of the complaint failed to state a claim, and was frivolous." Objections, Doc. 52 at 3-4. Defendants also argue that even if matters outside of the pleadings had been considered, a dismissal based on the statute of limitations would still amount to a dismissal for failure to state a claim. In opposition, Plaintiff argues that Defendants failed to make a prima facie case against him.

The Ninth Circuit has held that "[a] claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations *only when* 'the running of the statute is apparent on the face of the complaint.'" Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006), cert. denied, 131 S.Ct. 3055 (2011) (emphasis added). Thus, to find that Plaintiff's case was properly dismissed under Rule 12(b)(6), the court required evidence that it was apparent on the face of the complaint that the case was barred by the statute of limitations, and that the case was not dismissed based on matters outside of the pleadings. The docket entry for the order dismissing the case, entry #3, simply states "Order Dismissing Case," without explanation. (Doc. 28-1 at 3.) The docket entry for the Judgment states "Judgment: An order of judgment is entered dismissing this civil rights action as barred by the statute of limitations." Id. There is no indication on the docket that the case was dismissed for failure to state a claim or as frivolous.

The Ninth Circuit has cautioned district courts to carefully examine orders of dismissal for their basis in determining whether they count as "strikes" under § 1915(g): "Not all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's IFP status only when, *after careful evaluation of the order dismissing an*

*action*, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews, 398 F.3d at 1121 (emphasis added).

Based on the foregoing, the Court shall adopt the Magistrate Judge's finding that Defendants failed to submit sufficient evidence for the court to find that the dismissal of Plaintiff's case dismissed under the statute of limitations constitutes a "strike."

### C. Plaintiff's Voluntary Dismissal

Defendants also object to the Magistrate Judge's finding that Plaintiff's voluntary dismissal of his case Ransom v. State of California , case number 1:09-cv-01688-AWI-DLB-PC, does not count as a "strike." The Magistrate Judge found that pursuant to definitions given in Andrews v. King, a voluntary dismissal under Rule 41 does not ordinarily constitute a dismissal on the grounds that an action or appeal is "frivolous, malicious, or fails to state a claim upon which relief may be granted." (F&R, Doc. 50 at 7:16-18, citing Andrews, 398 F.3d at 1121.) The Magistrate Judge also found that the court could not properly evaluate the trial court's orders dismissing the complaint and dismissing the case because Defendants had not provided copies of them.

Defendants argue that although Plaintiff's case was technically dismissed under Rule 41, the dismissal constitutes a "strike" because the order underlying the final dismissal was a dismissal for failure to state a claim. In support of this argument, Defendants assert that Plaintiff chose to file a request for voluntary dismissal rather than amend the complaint, *after* the case was dismissed for failure to state a claim with leave to amend. Defendants also argue that even if Plaintiff was given leave to refile the case, the dismissal counts as a "strike," because the Ninth Circuit held in O'Neal v. Price that the "PLRA does not distinguish between dismissals with and without prejudice" and if failure to state a claim is a "fully sufficient condition" for dismissing the complaint, the dismissal counts as a strike. (Objections, Doc. 52 at 4¶III (citing O'Neal v. Price, , 531 F.3d 1146, 1156 (9th Cir. 2008)).

The Ninth Circuit in O'Neal provides that when a court dismisses a complaint for failure to state a claim with leave to amend, and plaintiff does not take advantage of that

opportunity, the court may convert the dismissal of the complaint into dismissal of the entire action. O'Neal at 1155. In Plaintiff's case, however, Defendants provide no evidence that the court "converted" the dismissal of the complaint into dismissal of the entire action. Entry #14 on the docket indicates that the Clerk of Court was directed to "Close Action Pursuant to Plaintiff's Notice of Voluntary Dismissal." (Doc. 28-2 at 3.) Rule 41(a) of the Federal Rules of Civil Procedure permits voluntary dismissal of an action by the plaintiff, and such a dismissal leaves the parties as though no action had been brought. Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997). Although the order of dismissal need not cite to section 1915(g) for it to qualify as a strike, it will only so qualify if it can be reasonably interpreted as being premised on one of the reasons enumerated in section 1915(g). See Moore v. Maricopa County Sheriff's Office, 657 F.3d 890, 895 (9th Cir. 2011). Here, Defendants have not demonstrated how this dismissal can be reasonably interpreted as being premised on a reason listed in section 1915(g). See Keeton v. Cox, No. CIV–S–06–1094, 2009 U.S. Dist. LEXIS 19617, at *17, 2009 WL 650413 (E.D.Cal. Mar. 12, 2009) ("That plaintiff did not accept the invitation to recast his complaints does not render the ultimate dismissals, as articulated by the respective presiding judges, determinations that the actions did not state claims and thus could not have moved forward.").

For these reasons, the Court shall adopt the Magistrate Judge's finding that that the dismissal of Plaintiff's case pursuant to Rule 41(a) did not constitute a "strike" under § 1915(g).

**III. CONCLUSION**

Accordingly, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendation issued by the Magistrate Judge on September 16, 2013, are adopted in part;

2. Defendants' motion to revoke Plaintiff's in forma pauperis status, filed on December 21, 2013, is DENIED;

3. Defendants are required to file an answer to the complaint within thirty days from the date of service of this order; and

     4.     This case is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   December 5, 2013                                         
SENIOR DISTRICT JUDGE