1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   LEONARD RANSOM, JR.,                    1:10-cv-00397 AWI GSA (PC)

12              Plaintiff,

13        v.                                 ORDER DENYING MOTION FOR
                                             APPOINTMENT OF COUNSEL
14   DANIEL GONZALEZ, et al.,
                                             (Document# 65)
15              Defendants.

16

17        On February 3, 2014, plaintiff filed a motion seeking the appointment of counsel.

18   Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland,

19   113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent

20   plaintiff pursuant to 28 U.S.C. § 1915(e)(1).   Mallard v. United States District Court for the

21   Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain

22   exceptional circumstances the court may request the voluntary assistance of counsel pursuant to

23   section 1915(e)(1).  Rand, 113 F.3d at 1525.

24        Without a reasonable method of securing and compensating counsel, the court will seek

25   volunteer counsel only in the most serious and exceptional cases.   In determining whether

26   "exceptional circumstances exist, the district court must evaluate both the likelihood of success of

27   the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the

28   complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

1

In the present case, the court does not find the required exceptional circumstances. Plaintiff maintains that he is temporarily unable to access legal materials in the law library, has been denied access to his property, is subject to frequent transfers, and has been harassed. These conditions do not make this case exceptional. A review of the record in this case shows that plaintiff is responsive, adequately communicates, and is able to articulate his claims. The court notes that plaintiff has filed other cases pro se and appears able to navigate the federal court system. The legal issues in this case – whether defendants failed to protect plaintiff and used excessive force against him – are not complex, and this court is faced with similar cases almost daily. Further, at this stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits. Id.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **February 13, 2014**                           **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE