UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD RANSOM, JR., | 1:10-cv-00397-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION TO STRIKE AFFIRMATIVE DEFENSES |
| vs. | (Doc. 62.) |
| DANIEL GONZALEZ, et al., | |
| Defendants. | |

## I.  BACKGROUND

Leonard Ransom, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on March 8, 2010.  (Doc. 1.)  This case now proceeds on the First Amended Complaint filed on June 29, 2012, against defendants Correctional Officer (C/O) Saul Ochoa, C/O Gina Marquez, C/O Ralph Nunez, C/O R. Marquez, C/O Daniel Nava and C/O M. Amador for excessive force and against defendants C/O R. Marquez, C/O Daniel Nava, Sergeant Ybarra and Lieutenant Sandoval for failure to protect Plaintiff.[1]  (Doc. 13.)

---

[1] On August 8, 2012, the Court dismissed Plaintiff's claim regarding his disciplinary process from this action for failure to state a claim.  (Doc. 17.)  The Court also dismissed defendants Daniel Gonzalez and Sergeant Ybarra from this action, based on Plaintiff's failure to state any claims against them.  Id.  The Court also dismissed defendants Saul Ochoa, Harold Tyson, Eric Lunsford, Daniel Gonzalez, and Gina Marquez, without prejudice, on

On January 3, 2014, defendants Amador, R. Marquez, Sandoval, Nunez, and Nava ("Defendants") filed an Answer to the First Amended Complaint containing twelve affirmative defenses. (Doc. 59.) On January 29, 2014, Plaintiff filed a motion to strike Defendants' affirmative defenses under Rule 12(f).[2] (Doc. 62.) Defendants have not filed an opposition.

## II.     MOTION TO STRIKE – RULE 12(f)

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense of any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion is to avoid the costs that arise from litigating spurious issues by dispensing with those issues prior to trial. See Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994); Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Grounds for a motion to strike must appear on the face of the pleading or from matters which the court may judicially notice. See Fantasy, Inc., 984 F.2d at 1528; Securities and Exch. Comm'n v. Sands, 902 F.Supp. 1149, 1165 (C.D.Cal.1995). When ruling on a motion to strike, the court must accept as true the pleader's factual allegations. See Vokal v. United States, 177 F.2d 619, 623-24 (9th Cir. 1949).

To prevail on a motion to strike an affirmative defense, the moving party must persuade the court that there are no disputed questions of fact or law and that the defense could not succeed under any set of circumstances. See Securities and Exch. Comm'n, 902 F.Supp. at 1165. "Even when the defense under attack presents a purely legal question, courts are reluctant to determine disputed or substantial questions of law on a motion to strike." Id. at 1166; see Vokal, 177 F.2d at 622-23, 625; United States v. Iron Mountain Mines, Inc., 812

---

Plaintiff's motion. Id. On October 3, 2012, defendant Sergeant Ybarra was reinstated as a defendant, under Fed. R. Civ. P. 60. (Doc. 22.)

[2] Based on the mailbox rule, the Court deems Plaintiff's motion to be timely. Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009).

F.Supp. 1528, 1535 (E.D. Cal. 1992).  Motions to strike are generally regarded with disfavor because of the limited importance of pleadings in federal practice.  See <u>Securities and Exch. Comm'n</u>, 902 F.Supp. at 1165-66; <u>LeDuc v. Kentucky Cent. Life Ins. Co.</u>, 814 F.Supp. 820, 830 (N.D. Cal.1992).  The moving party may thus be required to show prejudice arising from the matter to be stricken.  See <u>Securities and Exch. Comm'n</u>, 902 F.Supp. at 1166; <u>LeDuc</u>, 814 F.Supp. at 830.

**Discussion**

Plaintiff moves to strike Defendants' twelve affirmative defenses, on the grounds that they are set forth in bad faith, irrelevant, part of a formatted list of general affirmative defenses set forth to elongate the adversarial process, unduly burdensome to Plaintiff, and without basis in law or fact.

Plaintiff makes no argument specific to any of Defendants' individual affirmative defenses, nor does he demonstrate any prejudice.  After review of the affirmative defenses, the court is not persuaded that Defendants cannot succeed on any of them under any set of circumstances, or that they are insufficient as a matter of law.  Therefore, Plaintiff's motion to strike shall be denied.

**III.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to strike, filed on January 29, 2014, is DENIED.

IT IS SO ORDERED.

Dated:   **March 10, 2014**                         **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE