UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD RANSOM, JR., | 1:10-cv-00397-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO STRIKE |
| vs. | (Doc. 75.) |
| DANIEL GONZALEZ, et al., | |
| Defendants. | |

## I. BACKGROUND

Leonard Ransom, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 8, 2010. (Doc. 1.) This case is presently in the discovery phase.

On July 16, 2014, Plaintiff filed a motion to strike Defendants' opposition to Plaintiff's motion to compel as untimely. (Doc. 75.)

## II. CIVIL MOTIONS IN PRISONER CASES -- LOCAL RULE 230(*l*)

Local Rule 230(l), which governs the civil motions calendar in prisoner cases such as Plaintiff's, provides in part:

> **Motions in Prisoner Actions.** "All motions, except motions to dismiss for lack of prosecution, filed in actions wherein one party is incarcerated and proceeding in propria persona, shall be submitted upon the record without oral argument unless otherwise ordered by the Court. Such motions need not be noticed on the motion calendar. Opposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion."

1

Plaintiff argues that Defendants' opposition to Plaintiff's motion to compel should be stricken from the record because it was untimely under the twenty-one-day deadline established by Rule 230(*l*). First, Plaintiff argues that Defendants failed to respond timely to his motion to compel because he did not receive Defendants' opposition until July 2, 2014. Second, Plaintiff argues that Defendants failed to file their opposition timely under Rule 230(l) because the deadline to file the opposition, given that service was made by mail, was June 25, 2014, and Defendants did not file their opposition until June 26, 2014.

Plaintiff is mistaken. First, the twenty-one day deadline is for the responding party to *serve and file* their opposition, not for Plaintiff to *receive* the opposition. Therefore, the fact that Plaintiff *received* the opposition on July 2, 2014 is not relevant.

Second, Defendants' deadline to file the opposition under Rule 230(*l*) was June 26, 2014, not June 25, 2014. Plaintiff served his motion to compel on June 2, 2014. (Doc. 72 at 65.) Defendants had twenty-one days after the date of service of the motion to file their opposition. L.R. 230(l). Twenty-one days after June 2, 2014 is June 23, 2014. Pursuant to Rule 6(d) of the Federal Rules of Civil Procedure, "When a party may or just act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a). Fed. R. Civ. P. 6(d). Three days after June 23, 2014 is June 26, 2014. Thus, Defendants' opposition, filed on June 26, 2014, was timely under Rule 230(l). Therefore, Plaintiff's motion to strike shall be denied.

### III. CONCLUSION

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to strike, filed on July 16, 2014, is DENIED.

IT IS SO ORDERED.

Dated: **July 25, 2014**        **/s/ Gary S. Austin**
                               UNITED STATES MAGISTRATE JUDGE