UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD RANSOM, JR.,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DANIEL GONZALEZ, et al.,<br><br>　　　　Defendants. | 1:10-cv-00397-AWI-GSA-PC<br><br>ORDER DENYING MOTION FOR COURT-APPOINTED DEPOSITION OFFICER, WITHOUT PREJUDICE<br>(Doc. 81.) |

## I.   BACKGROUND

Leonard Ransom, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 8, 2010. (Doc. 1.) This case is presently in the discovery phase, with a deadline of September 9, 2014, for the parties to complete discovery. (Doc. 60.) On July 28, 2014, Plaintiff filed a motion for the court to appoint an officer to take depositions upon written questions, pursuant to Rule 28(a)(1)(B). (Doc. 81.)

## II.   DEPOSITIONS BY WRITTEN QUESTIONS – RULE 31

If a party wishes to conduct oral or written depositions, he or she must comply with the Federal Rules of Civil Procedure. Depositions by written questions entail more than simply mailing questions to the deponents and awaiting their written responses. See Fed. R. Civ. P.

31. Rule 28 authorizes the court to appoint an officer to administer oaths and take testimony during depositions. Fed. R. Civ. P. 28(a)(1)(B).

**Plaintiff's Motion**

Plaintiff requests the court to appoint an officer to take depositions in this case upon written questions propounded to Warden John Soto and William R. Adams, pursuant to Rule 31, and to prepare and certify the depositions upon written questions.

**Discussion**

Plaintiff is advised that he is responsible for bearing the costs of any deposition discovery that he conducts, including but not limited to court reporter fees and costs for transcription. Plaintiff's in forma pauperis status does not entitle him to a court-appointed deposition reporter to take depositions, or free deposition transcripts. See 28 U.S.C. § 1915; Wright v. United States, 948 F.Supp. 61, 61-62 (M.D.Fla.1996) (parties proceeding in forma pauperis are responsible for payment of discovery costs, including the costs of depositions, fees for court reporters and transcripts); Papas v. Hanlon, 849 F.2d 702 703-04 (1st Cir. 1988) (affirming an order requiring litigants proceeding in forma pauperis to pay stenographer's fees); Barcelo v. Brown, 655 F.2d 458, 462 (1st Cir. 1981) (in forma pauperis statute does not authorize a district court to order payment of transcripts); St. Hilaire v. Winhelm 79 F.3d 1154 (9th Cir. 1996) (unpublished) (citing Tabron v. Grace, 6 F.3d 147, 158-59 (3d Cir. 1993) (finding no abuse of discretion because there is no authorization for the court to commit federal money to provide indigent litigants with copies of deposition transcripts).

The Court will direct the Clerk's Office to send Plaintiff a copy of Rules 28 and 31. If, after reviewing the rules, Plaintiff believes he is able to conduct written depositions in compliance with the rules, Plaintiff shall notify the Court and make a showing that he is able and willing to bear the costs of the deposition, including the costs of retaining an officer to take responses and prepare the record. Fed. R. Civ. P. 31(b). At that juncture, the Court will reconsider Plaintiff's request and will determine what course of action is needed to facilitate the depositions.

///

**III. CONCLUSION**

Accordingly, THE COURT HEREBY ORDERS that:

1. Plaintiff's request for a court-appointed deposition officer is DENIED without prejudice; and
2. The Clerk is directed to send Plaintiff a copy of Rules 28 and 31 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: **July 29, 2014**           **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE