UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD RANSOM, JR.,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>R. MARQUEZ, et al.,<br><br>　　　　Defendants. | 1:10-cv-00397-AWI-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>ORDER DENYING MOTION FOR RECUSAL OF MAGISTRATE JUDGE GARY S. AUSTIN AND HIS LAW CLERK<br><br>(Doc. 91.) |

**I.　BACKGROUND**

Leonard Ransom, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 8, 2010. (Doc. 1.) This case now proceeds on the initial Complaint, against defendants Correctional Officer (C/O) M. Amador, C/O Daniel Nava, C/O R. Marquez, and C/O Ralph Nunez for use of excessive force; and against defendants C/O Daniel Nava, C/O R. Marquez, Sergeant J. Ybarra, and Lieutenant Carlos Sandoval for failure to protect Plaintiff.[1]

---

[1] On August 8, 2012, the Court dismissed Plaintiff's claim regarding his disciplinary process from this action for failure to state a claim. (Doc. 17.) The Court also dismissed defendants Daniel Gonzalez and Sergeant Ybarra from this action, based on Plaintiff's failure to state any claims against them. Id. The Court also dismissed defendants Saul Ochoa, Harold Tyson, Eric Lunsford, Daniel Gonzalez, and Gina Marquez, without prejudice, on Plaintiff's motion. Id. On October 3, 2012, defendant Sergeant Ybarra was reinstated as a defendant, under Fed. R. Civ. P. 60. (Doc. 22.)

1

On October 1, 2014, Plaintiff filed a motion for reconsideration of the court's order issued on September 22, 2014, and a motion for the recusal of Magistrate Judge Gary S. Austin and his law clerk for bias. (Doc. 91.)

## II. MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Plaintiff objects to the court's order of September 22, 2014, which denied Plaintiff's request for the issuance of blank subpoenas.  The order denied Plaintiff's request for subpoenas to command attendance at trial as premature, because trial has not been scheduled for this action.  The order denied Plaintiff's request for subpoenas duces tecum as untimely, because the discovery deadline for this action expired before Plaintiff filed the request.

Plaintiff argues that the court's order mischaracterizes his request as a request for the issuance of 12 blank subpoenas pursuant to Rule 45.  Plaintiff also asserts that the order misstates the discovery deadline as 9/7/14, whereas the correct deadline is 9/9/14.  Plaintiff speculates that the law clerk inappropriately changed the date.

Further, Plaintiff objects to the ruling that his September 17, 2014 motion for subpoenas duces tecum was untimely, bringing to the court's attention that he "submitted a Motion to Compel Discovery on or about 9/4/14, before the discovery cut-off date." (Motion, Doc. 91 at 2 ¶b.)

Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. The fact that Plaintiff filed a timely Motion to Compel on September 8, 2014 does not cause his September 17, 2014 motion for subpoenas to be timely. Further, while Plaintiff is correct that the court's order of September 22, 2014 misstates the discovery deadline as 9/7/14, the court finds this error to be merely a typographical error which is of no consequence at this stage of the proceedings.  Therefore, the motion for reconsideration shall be denied.

**III.    RECUSAL**

    **A.    Legal Standards**

        **1.    28 U.S.C. § 144**

Under 28 U.S.C. § 144, "[W]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."  28

U.S.C. § 144;[2] see Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008); U.S. v. Johnson, 610 F.3d 1138, 1147 (9th Cir. 2010). Section 144 also provides that "[t]he affidavit shall state the facts and the reasons for the belief that bias and prejudice exists, . . [and a] party may only file one such affidavit in any case." United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit. Id. (citing *inter alia* United States v. Azhocar, 581 F.2d 735, 738-40 (9th Cir. 1978), cert. denied 440 U.S. 907 (1979). "[I]f the motion and affidavit required by section 144 is not presented to the judge, no relief under section 144 is available." Id.

### B.   28 U.S.C. § 455

Under 28 U.S.C. § 455(a), "[a]ny ... judge ... shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Pesnell, 543 F.3d at 1043. 28 U.S.C. § 455(b) provides in relevant part, "[h]e shall also disqualify himself in the following circumstances: [w]here he has a personal bias or prejudice concerning a party ..." 28 U.S.C. §455(b)(1). A motion under § 455 is addressed to, and must be decided by, the very judge whose impartiality is being questioned." Bernard v. Coyne, 31 F.3d 842, 843(9th Cir. 1994). "Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge." Id. (quoting United States v. Balistrieri, 779 F.2d 1191, 1202 (7th Cir. 1985)). "[S]ection 455 includes no provision for referral of the question of recusal to another judge; if the judge sitting on the case is aware of grounds for recusal under section 455, that judge has a duty to recuse himself or herself." Sibla, 624 F.2d at 868 (citing see, e.g., Nicodemus v. Chrysler Corp., 596 F.2d 152, 157 & n.10 (6th Cir. 1979)). On the other hand, "in the absence of a legitimate reason to recuse himself, a judge should participate in cases assigned." United States v. Holland, 519 F.3d 909, 912 (9th Cir. 2008).

---

[2] 28 U.S.C. § 144 applies only to district court judges. 28 U.S.C. § 144 (by its terms applicable only to the district courts); Liteky, 510 U.S. at 546, 114 S.Ct. at 1153 (section 455 was amended to include "bias or prejudice" grounds stated in section 144 so that the standard was "applicable to *all* justices, judges and magistrates (and not just district judges)...." (emphasis added)).

The substantive standard is "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" Pesnell, 543 F.3d at 1043 (quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997)). However, the bias must arise from an extra-judicial source and cannot be based solely on information gained in the course of the proceedings. Id. (citing Liteky v. United States, 510 U.S. 540, 554-56 (1994). "'Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir. 2004) (quoting Liteky, 510 U.S. at 555). "'In and of themselves .., they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved.'" Id.

### C. Plaintiff's Motion

Plaintiff seeks recusal of the undersigned, Magistrate Judge Gary S. Austin, and his law clerk from this action. Plaintiff argues that the Magistrate Judge and law clerk have made rulings on Plaintiff's recent motions that are "increasingly facetious, mean-spirited, erroneous, and downright racist." (Motion, Doc. 91 at 1:21-24.) Plaintiff argues that the court has obstructed his efforts to build and prosecute the action. Plaintiff argues that the court (or its law clerk) characterizes plaintiff as a "[racial slur]," by its orders mischaracterizing his request for subpoenas, claiming his request for subpoenas was untimely, misstating the discovery deadline, denying Plaintiff's request for appointment of a court officer to take depositions, delaying the proceedings while "documents salient to the prosecution of the action were destroyed," failing to rule on Plaintiff's pending motion to compel, and denying Plaintiff's motion to appoint counsel because "the Court knew that learned counsel would never allow the blatant violations of plaintiff's process." (Motion, Doc. 91 at 2-3.) Plaintiff argues that these obstructions are based on racial or class bias.

### D. Discussion

Plaintiff has not submitted an affidavit pursuant to §144, and §144 only applies to District Court Judges, not Magistrate Judges. Therefore no relief under §144 is available to Plaintiff.

With respect to §455, Plaintiff's arguments are not sufficient to show personal bias or prejudice by the Magistrate Judge.  Plaintiff's allegation that the Magistrate Judge's orders are based on racial or class bias is "devoid of specific fact allegations tending to show personal bias stemming from an extrajudicial source."  <u>Sibla</u>, 624 F.2d at 868.  Plaintiff uses conclusory language and fails to allege any facts demonstrating that the Magistrate Judge characterizes Plaintiff as stupid, harbors racial or class prejudice against Plaintiff, or has used disparaging language against Plaintiff.[3]  Plaintiff does not offer any facts supporting his assertion that the Magistrate Judge delayed the proceedings to benefit the prosecution or delayed ruling on Plaintiff's motion to compel because of extrajudicial prejudice or bias.

Section 455 requires that a judge be *subjectively confident* of his ability to be evenhanded.  <u>Bernard</u>, 31 F.3d at 844 (emphasis added).  After careful examination of the circumstances of this case, the undersigned does not feel any bias for or against any of the parties to this case.  Thus, there are no grounds for recusal on the basis of actual bias.

Section 455 also requires that a judge be confident "that an informed, rational, objective observer would not doubt his impartiality."  <u>Id.</u>  After careful consideration of all the circumstances of this case, the undersigned finds no reason that his impartiality in this case might reasonably be questioned by an informed, rational, objective observer.  Plaintiff's conclusory allegations would not lead a reasonable person to conclude that the Judge's impartiality in this case might reasonably be questioned.  Accordingly, there is no appearance of bias warranting recusal of the Magistrate Judge in this case.

This Court has found no authority supporting the assertion that § 455 applies to a judge's law clerks.[4]  However, cases have held that judges are required under § 455 to disqualify themselves from trying suits in which conflict arose because of their law clerks'

---

[3] Plaintiff has used a racial slur, in quotation marks, in alleging that the court harbors racial bias against him. (Motion, Doc. 91 at 2:4.)  The court has never, and would never, use such language.

[4] While judicial ethics and § 455 may share expectations of behavior which extend to a judge's law clerks and secretaries, <u>Hall v. Small Business Admin.</u>, 695 F.2d 175 (5th Cir. 1983), at least one court has found that § 455(b), by its own terms, applies exclusively to judges.  <u>In re San Juan Dupont Plaza Hotel Fire Litigation</u>, 129 F.R.D. 409, 411 (D. Puerto Rico, Aug. 4, 1989).

behavior. Hall , 695 F.2d 175 (court held that magistrate, in a sex discrimination case, erred in refusing to disqualify himself where his law clerk was a member of the plaintiff class in the suit); Miller Industries, Inc. v. Caterpillar Tractor Co., 516 F. Supp 84 (S.D.Ala., August 13, 1980) (Judge's disqualification was mandated under § 455 where the clerk who worked on the case accepted employment with the law firm representing the successful party to the litigation, the decision in which was rendered the same month the clerk began the employment); Fredonia Broadcasting Corp. v. RCA Corp., 569 F.2d 251 (5th Cir. 1978) (judge had no alternative but to disqualify himself because counsel for one of the litigants now included the former law clerk who had been exposed to the trial judge's innermost thoughts about the case). Here, Plaintiff alleges no facts demonstrating that Judge Austin's law clerk acted against Plaintiff out of extrajudicial prejudice or bias, or that a conflict exists that would warrant recusal of the Judge because of the law clerk's behavior, position, or employment. Plaintiff fails to support his allegations with facts or reasons for his belief of bias by the Judge's law clerk.

For the foregoing reasons, Plaintiff's motion to recuse Magistrate Judge Gary S. Austin and his law clerk from this action shall be denied.

**IV.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration is DENIED; and
2. Plaintiff's motion to recuse Magistrate Judge Gary S. Austin and his law clerk from this action is DENIED.

IT IS SO ORDERED.

Dated:   **October 31, 2014**          **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE