# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD RANSOM, JR., | 1:10-cv-00397-AWI-GSA-PC |
| Plaintiff, | ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL (Doc. 72.) |
| vs. | |
| R. MARQUEZ, et al., | ORDER DENYING MOTION FOR SANCTIONS |
| Defendants. | ORDER FOR DEFENDANT AMADOR TO PROVIDE FURTHER RESPONSE TO INTERROGATORY NO. 1, SET ONE, AS INSTRUCTED BY THIS ORDER, WITHIN THIRTY DAYS |
| | <u>**New Dispositive Motions Deadline**</u>: |
| | **July 31, 2015** |

I.      **BACKGROUND**

        Leonard Ransom, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on March 8, 2010.  (Doc. 1.)  This case now proceeds on the First Amended Complaint, filed on June 29, 2012, against defendants Correctional Officer (C/O) M. Amador, C/O Daniel Nava, C/O R. Marquez, and C/O Ralph Nunez for use of excessive force;

1

and against defendants C/O Daniel Nava, C/O R. Marquez, Sergeant J. Ybarra, and Lieutenant Carlos Sandoval for failure to protect Plaintiff.[1]  (Doc. 13.)

On January 7, 2014, the Court issued a Scheduling Order establishing a deadline of September 7, 2014 for completion of discovery, including the filing of motions to compel. (Doc. 60.)  The discovery deadline has now expired.

On June 5, 2014, Plaintiff filed a motion to compel Admissions by defendant Marquez and further Responses to Interrogatories/Requests for Production of Documents by defendants Amador and Sandoval, and for sanctions.  (Doc. 72.)  On June 26, 2014, Defendants Nunez, Ybarra, Marquez, Amador, Nava, and Sandoval ("Defendants") filed an opposition to the motion.  (Doc. 73.)  On July 24, 2014, Plaintiff filed a reply.  (Doc. 78.)

Plaintiff's motion to compel and for sanctions is now before the court.

## II.    PLAINTIFF'S ALLEGATIONS AND CLAIMS

### A.    Allegations at Issue in First Amended Complaint

During the time of the events at issue, Plaintiff was incarcerated at Kern Valley State Prison (KVSP) in Delano, California.  Plaintiff's factual allegations follow.

The incident at issue in this lawsuit occurred on May 22, 2007, at KVSP.  Plaintiff and his cellmate were released for their showers (the facility was on modified program).  They were released by C/O Gonzalez [not a defendant], the unit control booth officer.  Plaintiff's cellmate entered the lower tier shower.  While Plaintiff was waiting, he filled up containers with hot water in order to make coffee when he returned to his cell.  Another inmate asked Plaintiff to get some hot water for him.  Plaintiff did so, and took it to that inmate's cell.  While standing at the cell door, Plaintiff asked C/O Gonzalez whether he could come out later.  Gonzalez stated, "No! take your shower!"  First Amended Complaint (FAC), Doc. 13 at 5 ¶4.  Plaintiff told the other inmate that Gonzalez "got his idiot hat on today."  Id. at ¶5.  Gonzalez heard this

---

[1] On August 8, 2012, the Court dismissed Plaintiff's claim regarding his disciplinary process from this action for failure to state a claim.  (Doc. 17.)  The Court also dismissed defendants Daniel Gonzalez and Sergeant Ybarra from this action, based on Plaintiff's failure to state any claims against them.  Id.  The Court also dismissed defendants Saul Ochoa, Harold Tyson, Eric Lunsford, Daniel Gonzalez, and Gina Marquez, without prejudice, on Plaintiff's motion.  Id.  On October 3, 2012, defendant Sergeant Ybarra was reinstated as a defendant, under Fed. R. Civ. P. 60.  (Doc. 22.)

comment over the intercom. Gonzalez then ordered Plaintiff to "lock it up, you don't get no shower!"  Id.  Plaintiff walked to his cell door and told Gonzalez to open his door.  Gonzalez did not open the cell door.  Gonzalez left the control booth, and told C/Os Ochoa [not a defendant] and Gina Marquez [not a defendant], falsely, that Plaintiff refused to return to his cell.

Ochoa and Gina Marquez entered the unit, approached Plaintiff, and ordered him to place his hands behind his back and "cuff up."  Id. ¶8.  Plaintiff refused to place his hands behind his back as "the restraints [were] applied in a manner likely to cause undue physical discomfort [or] restrict[ion] to my bloodflow, as I have an injured shoulder."  Id. ¶9.  Ochoa "attempted to deploy his pepper spray."  Id. ¶10.  Plaintiff protected himself from the pepper spray by putting his head down to avoid the pepper spray.  Plaintiff alleges that Ochoa "attacked" him, with both Plaintiff and Ochoa falling to the ground.  Id. at 6-7 ¶11.  Plaintiff alleges that while he was on the ground, "I buried my face in the space between Officer Ochoa's left shoulder and neck area, as Ochoa continued to reposition my face, while hitting me with his fists."  Id. ¶12.  Although Plaintiff indicates that he was not struck in the face, he does allege that he was struck in the back of the head by Officer Gina Marquez.

Plaintiff ran past Ochoa out into the building rotunda, and was pursued by Ochoa and Gina Marquez.  Once Plaintiff reached the C-section door, he turned around and lay prone. Officer Gina Marquez handcuffed Plaintiff, "causing great pain and further injury to my left shoulder."  Id. ¶15.  Once Plaintiff was handcuffed, responding staff began arriving in the unit. Responding staff included C/O R. Marquez, C/O Nava, C/O Nunez, C/O Amador, C/O Lomellie [not a defendant] and Sergeant Ybarra.

Plaintiff alleges, that while he was prone and handcuffed, he was "picked up, flipped heels over head, slammed back to the ground, arms bent (grotesquely) back (in a military stress position), by Officers Nava and Nunez, while Gina Marquez jumped up, in the air, and came down, with her knees to my lower back."  Id. ¶18.  While Plaintiff was being held down, C/O Nunez "stomped me on the backside, and the back of legs, ultimately scraping the skin off."  Id. ¶20.  Plaintiff alleges that Officer R. Marquez kicked him in the mouth, knocking a tooth out.

When R. Marquez stopped, C/O Amador began striking Plaintiff with a baton in the upper left shoulder and back area, leaving distinct baton markings and welts on his back.

Sgt. Ybarra ordered the officers to get Plaintiff up and escort him out of the building.  In response, Nava and Nunez "picked me up. . . and walked me (approx. 20'), at which time I was thrown to the ground, and again, kicked in the face, by R. Marquez (in full view of Sgt. Ybarra, who had been there the entire time I was being beaten by his subordinates), at which time my lower lip was busted on the lower left side [and] Nava and/or Nunez started grinding my face on the cinder-block wall, which caused severe facial scraping, coupled with damage to my left shoulder, prior to being escorted out of the building." Id. at 7 ¶25.

Plaintiff alleges that, as he was being escorted out of the building, Nava and Nunez lifted Plaintiff up by his handcuffs "in the military stress position," where Plaintiff "had to walk doubled over, and was escorted out of the building, while being punched, continuously, by M. Amador and R. Marquez." Id. ¶26.  Plaintiff was moved to the Facility A upper yard basketball court, where Nava and Nunez "again threw me to the ground and again stomped on the back of my legs, and my feet, and [I was] kneed in the face, by Officer Nunez, as R. Marquez, Nava, Sgt. Ybarra, and now, Lt. Carlos Sandoval watched." Id. ¶27.  C/O Nava ordered Plaintiff to stop resisting, although Plaintiff alleges that he was not resisting.  Plaintiff was placed in leg shackles and a spit mask.  Plaintiff alleges that the spit mask obstructed his breathing (Plaintiff is asthmatic).  Plaintiff's clothes were cut off with a pair of scissors, leaving him in boxer shorts.  Plaintiff alleges that in the process of doing so, he was "threatened with scissors at my genitals." Id. at 8 ¶32.  Plaintiff does not allege that he was injured by the use of scissors.

Plaintiff was taken to the Facility A medical clinic and placed in a holding cell. Plaintiff remained in the holding cell for three hours.  Plaintiff also remained in leg shackles and was not allowed to decontaminate or rinse off the pepper spray that had been applied. After approximately thirty minutes, Plaintiff was examined.  All of Plaintiff's clothing with the exception of his boxer shorts was removed.  Plaintiff was then escorted to Administrative Segregation.  Plaintiff alleges that the escort required him to walk approximately 175 yards along a gravel roadway, causing his feet to bleed.

Plaintiff alleges that at no time during this series of events was he allowed to decontaminate or have access to his inhaler.  Plaintiff alleges that as a result of the use of force, he suffered "severe injuries," including the following:  knocked out lower right tooth; lacerated lower left side of lip; contusion on the upper left back and shoulder area; shoulder bone injury; left and right knee injuries; severe abrasions; severe facial abrasions; burning from pepper spray; and ongoing physical and psychological trauma.  Id. ¶36.

Plaintiff requests monetary damages and declaratory relief.

**B.**     **Eighth Amendment Excessive Force Claim**

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted).  For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Id. at 7.  Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident.  Id. at 9-10; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).

**C.**     **Eighth Amendment Failure to Protect Claim**

Prison officials are required "to take reasonable steps to protect inmates from physical abuse."  Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982) (abrogated on other grounds by Sandin v Conner, 515 U.S. 472, (1995)).  A prison official may be held liable for failure to intervene to protect the inmate from harm.  Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).  To prevail on his claim, the plaintiff must show that the defendants acted with deliberate indifference.  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted).  Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmate's health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk."  Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).  Additionally, an officer can only be held liable for failing

to intervene if he had a realistic opportunity to intercede and failed to do so.  Cunningham v. Gates, 229 F.3d 1271, 1289-90 (9th Cir. 2002).

## III.   LEGAL STANDARDS

### A.   Motion to Compel

Plaintiff is a state prisoner proceeding pro se, and is challenging his conditions of confinement.  As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute.  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; Doc. 60, Discovery and Scheduling Order, ¶5.

However, this is a civil action to which the Federal Rules of Civil Procedure apply.  The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned.  Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted).  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  Fed. R. Civ. P. 26(b)(1) (quotation marks omitted).  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Id. (quotation marks omitted).  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. (quotation marks omitted).

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses.  Fed. R. Civ. P. 37(a)(3)(B).  "[A]n evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4).  The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery.  See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. <u>E.g.</u>, <u>Grabek v. Dickinson</u>, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); <u>Womack</u>, 2011 WL 6703958, at *3; <u>Mitchell v. Felker</u>, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); <u>Ellis v. Cambra</u>, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).  This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.  <u>Id.</u>  However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits.  <u>Hunt v. County of Orange</u>, 672 F.3d 606, 616 (9th Cir. 2012); <u>Surfvivor Media, Inc. v. Survivor Productions</u>, 406 F.3d 625, 635 (9th Cir. 2005); <u>Hallett</u>, 296 F.3d at 751.

**B.**     **<u>Request for Admissions</u>**

Rule 36 provides for requests for admissions as follows:  "A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to (A) facts, the application of law to fact, or the opinions about either; and (B) the genuineness of any described documents."  Fed. R. Civ. P. 36(a)(1).  "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  Fed. R. Civ. P. 36(a)(3).  "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it."  Fed. R. Civ. P. 36(a)(4).  **"**A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."  <u>Id.</u>  "The answering party may assert lack of knowledge or information as a reason for failing to

admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.  Id.

The requesting party may move to determine the sufficiency of an answer or objection.  Fed. R. Civ. P. 36(a)(6).  Unless the court finds an objection justified, it must order that an answer be served.  Id.  On finding that an answer does not comply with this rule, the court may either rule that the matter is admitted or that an amended answer be served.  Id.

**C.     Interrogatories**

Pursuant to Rule 33(a), an interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact.  Fed. R. Civ. P. 33(a)(2) (quotation marks omitted).  Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath, Fed. R. Civ. P. 33(b)(3), and the grounds for objecting to an interrogatory must be stated with specificity, Fed. R. Civ. P. 33(b)(4); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981).  The responding party shall use common sense and reason.  E.g., Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 924935, *8 (D. Kan. Apr. 30, 2008).  A party answering interrogatories cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control.  Essex Builders Group, Inc. v. Amerisure Insurance Co., 230 F.R.D. 682, 685 (M.D. Fla. 2005).  A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made.  Gorrell v. Sneath, 292 F.R.D. 629, 629 (E. D. Cal. Apr. 5, 2013); L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007).  If a party cannot furnish details, he should say so under oath, and say why and set forth the efforts used to obtain the information, and cannot plead ignorance to information that is from sources within his control.  Milner v. National School of Health Technology,  73 F.R.D. 628, 632 (E.D. Pa.1977).  "However, where the answer states that no record exists, the court cannot compel the impossible."  Id. at 633 (citing Moss v. Lane Co., 50 F.R.D. 122, 128 (W.D.Va. 1970), aff'd in part, remanded in part, 471 F.2d 853 (4th Cir. 1973)).  A sworn answer

indicating a lack of knowledge and no means of obtaining knowledge is not objectionable. Milner, 73 F.R.D. at 633 (citing Brennan v. Glenn Falls Nat. Bank & Trust Co., 19 F.R.Serv.2d 721, 722-23 (N.D.N.Y.1974)). The responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

### D.   **Request for Production of Documents**

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1). "[A] party need not have actual possession of documents to be deemed in control of them." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D.Nev. 1998) (quoting Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D.Nev. 1991). "A party that has a legal right to obtain certain documents is deemed to have control of the documents." Clark, 181 F.R.D. at 472; Allen v. Woodford, No. CV–F–05–1104 OWW LJO, 2007 WL 309945, *2 (E.D.Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D.Cal. Mar. 19, 2010). Under Rule 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2). A reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010). If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. Ochotorena v. Adams, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010). As with previously discussed forms of

discovery, boilerplate objections do not suffice.  Fed. R. Civ. P. 34(b)(2)(B), (C); <u>Burlington N. & Santa Fe Ry. Co.</u>, 408 F.3d at 1149.

## IV.    PLAINTIFF'S MOTION TO COMPEL

Plaintiff requests the court to compel additional responses to his Request for Admissions propounded to defendant R. Marquez, and his Interrogatories/Requests for Production of Documents propounded to defendants Amador and Sandoval.  Plaintiff also opposes Defendants' blanket objection to Plaintiff's discovery requests based on the official information privilege.  Plaintiff asserts that on April 20, 2014, after he had received all of the discovery responses, he wrote a letter to defense counsel indicating that they needed to "talk about how we can get discovery on the right track" and offering to come to the table and talk about compensation.  (Ransom Decl., Doc. 72 at 7:14-15.)

Defendants argue in opposition that Plaintiff's motion to compel should be denied because the motion is not in the form required in Civil Local Rule 37-2 for motions to compel, and Defendants properly responded to Plaintiff's discovery requests.  Defendants assert that Plaintiff failed to comply with Rule 37-2 because Plaintiff did not detail the basis for his contention that he is entitled to further discovery.  Defendants argue that Plaintiff made a conclusory statement that the responses were evasive, incomplete, and failed to give complete answers, or failed to produce the correct documents requested, and did not respond to Defendants' various objections.[2]  Defendants assert that for defendant Sandoval's responses, Plaintiff makes the conclusory statement that "all information, and documents requested were relevant discovery that appeals reasonably calculated to lead to discovery of admissible evidence," but Plaintiff does not explain how his requests are reasonably calculated to lead to discovery of admissible evidence.

///

///

---

[2] Defendants acknowledge that Plaintiff specifically addresses one discovery request, Interrogatory No. 1 sent to defendant Amador, but argue that Plaintiff did not adequately explain why Amador's substantial response is insufficient or why the additional information requested is relevant to this lawsuit.

### A.    Request for Admissions – defendant R. Marquez

#### 1.    Plaintiff's Position

On February 4, 2014, Plaintiff served a Request for Admissions containing seventeen Requests upon defendant R. Marquez, and Plaintiff received responses on or about March 25, 2014.  (Ransom Decl., Doc. 72 at 4:4-8 & Exh. C.)  Plaintiff argues that defendant R. Marquez failed to respond to Request No. 3 and evaded Requests Nos. 3-17, "on grounds which were evasive, [in]complete, or and (*sic*) without just cause for the failure, which prejudices my ability to prosecute the action."  (Id. at 4:10-11.)  Plaintiff also argues that his Requests were "(without giving away my strategy) 'calculated to lead to the discovery of admissible evidence,' in accordance with Rule 26(b)(1)."  (Id. at 4:12-14.)  Plaintiff asserts that he wrote a letter to defense counsel, dated April 6, 2010, to confer about the deficient responses, and received only a supplemental response to Request 2 in which defendant R. Marquez admitted that the party named in Request No. 2 was his wife.  (Id. at 4:20-26 & Exh. A.)

#### 2.    Defendants' Position

Defendants argue that defendant R. Marquez properly responded to Plaintiff's Requests for Admissions, even though many of them were vague, assumed facts not in evidence, and were not proper Requests for Admissions.  With respect to Plaintiff's Requests for R. Marquez to admit that his family members are or were employed by CDCR, Defendants argue that Plaintiff fails to indicate how this information is relevant to his excessive force claim.  Further, Defendants argue that the disclosure of personal information about correctional officers and their families has the potential to endanger the safety and security of CDCR staff.

### B.    Interrogatories/Requests for Production of Documents – defendants Amador and Sandoval

#### 1.    Plaintiff's Position

##### a.    Defendant Amador

On February 11, 2014, Plaintiff served fifteen combined Interrogatories/Requests for Production of Documents upon defendant Amador, and Plaintiff received responses on or about April 16, 2014.  (Ransom Decl. at 5:2-5 & Exh. D.)  Plaintiff asserts that all of defendant

Amador's responses were false or evasive, and that defendant Amador failed to provide the documents requested.   Plaintiff argues that his Interrogatories were all calculated to lead to the discovery of admissible evidence challenging C/O Amador's and other officers' credibility, "which is of paramount import to the prosecution of this action."  (Id. at 5:12-15.)

### b.      Defendant Sandoval

On February 19, 2014, Plaintiff served thirteen Interrogatories/Requests for Production of Documents upon defendant Sandoval, and Plaintiff received responses on or about April 18, 2014.  (Ransom Decl. at 5:16-19 & Exh. E.)  Plaintiff asserts that defendant Sandoval failed to answer or provide the correct documents for Interrogatories/Requests Nos. 1-12, and that Sandoval's answers were "contrived, fabricated, evasive, and incomplete, pursuant to Rule 37(a)(4)."  (Id. at 5:23-25.)

On or about April 18, 2014, Plaintiff received the Declaration of W. Adams, Litigation Coordinator at KVSP, in support of the official information privilege.  (Id. at 6:2-3 & Exh. F.) Plaintiff asserts that this Declaration "espoused a blanket objection to, basically, every form of discovery from the defendants, including what is 'pitchess' discovery in criminal proceedings." (Id. at 6:4-6.)  Plaintiff argues that "the evasiveness is meant to frustrate my efforts and try and create a 'Heck v. Humphrey' issue."  (Id. at 6:18-20.)

### 2.      Defendants' Position

### a.      Responses to Interrogatories by Defendant Amador

Defendants argue that defendant Amador's response to Interrogatory No. 1 was sufficient.  Amador provided Plaintiff with a job description for the position she held on the date of the incident and informed Plaintiff of when she began working at KVSP.  Defendants argue that Amador did not provide her full name, because providing inmates with personal information raises safety issues, and Plaintiff does not explain why disclosure of Amador's full name is necessary.  However, Amador informed Plaintiff in her response that her full name would be provided if the matter proceeds to trial.  Defendants assert that Plaintiff does not state any specific objections to Amador's other responses but generally argues they are insufficient.

///

Defendants assert that Plaintiff does not specifically explain his claim that each request is relevant to Amador's credibility.

### b.   Responses to Interrogatories by Defendant Sandoval

Defendants argue that Plaintiff's motion to compel makes conclusory claims regarding the insufficiency of defendant Sandoval's responses to Interrogatories without providing any specifics that would allow the court to overrule Sandoval's objections.  Defendants also argue that Plaintiff's requests are not reasonably calculated to lead to the discovery of admissible evidence, and much of the information Plaintiff seeks is protected by the official-information privilege.

### c.   Responses to Requests for Production by Defendants Amador and Sandoval

Defendants argue that defendants Amador and Sandoval have provided Plaintiff with the relevant documents in their possession that are not protected by the official-information privilege.  In response to Plaintiff's request for production of documents, defendants Amador and Sandoval produced 83 pages of documents.  (Seals Decl. ¶¶ 2, 3.)  Defendants argue that they are not attempting to suppress discoverable documents, and the documents that Plaintiff seeks in his motion to compel are either (1) not relevant to the claims and defenses of this case, (2) overly broad, or (3) protected from disclosure by the official-information privilege or because of privacy reasons.

Defendants argue that Plaintiff does not explain why the responses provided are insufficient or how the requests are relevant to this lawsuit.  Defendants assert that Plaintiff makes unsubstantiated statements that the requests are relevant to his case, but then fails to explain why such evidence is relevant or how the evidence would lead to other admissible evidence.

### d.   Official Information Privilege

Defendants argue that Plaintiff fails to show that the official-information privilege does not apply to his discovery requests.  Defendants assert that Plaintiff argues that this privilege was denied in a prior state court criminal proceeding, but fails to cite any law suggesting that this makes the privilege inapplicable in an unrelated civil matter.  Defendants assert that the

documents cited by Plaintiff do not show that the privilege was rejected in the state criminal proceeding.  The only information ordered to be provided to Plaintiff's attorney in that matter was the contact information for four complainants, and the specifics of the state court's protective order as to this information are not contained in Plaintiff's moving papers.  (Kelly Decl., Doc. 72 at 57 (Exh. H) ¶5).

Defendants argue that Plaintiff has not shown that the benefit of receiving copies of the requested confidential documents outweighs the disadvantage of disclosing them.  Defendants assert that Plaintiff seeks files containing confidential and private personal information about prison employees and officers, information that may have been provided to investigators on a confidential basis and internal investigative materials and reports that must remain confidential to maintain the integrity of the internal investigative process, and possibly other confidential information.  Defendants argue that the disadvantage of disclosing the documents far outweighs the potential benefit to Plaintiff, and maintaining the documents as confidential discourages inmates from causing harm or thwarting means used to maintain the safety and control of the prison, inmates, and prison staff.  Defendants request, if the court is not inclined to deny Plaintiff's motion to compel, that the court review the documents *in camera*.

Defendants assert that Plaintiff failed to comply with Rule 37-2, because Plaintiff did not detail the basis for his contention that he is entitled to further discovery.  Defendants argue that Plaintiff made a conclusory statement that the responses were "evasive, incomplete, and failed to give complete answers, or failed to produce the correct documents requested, and did not respond to Defendants' various objections.[3]  Defendants assert that for defendant Sandoval's responses, Plaintiff makes the conclusory statement that "all information, and documents requested were relevant discovery that appeals reasonably calculated to lead to discovery of admissible evidence," but Plaintiff does not explain how his requests are reasonably calculated to lead to discovery of admissible evidence.

---

[3] Defendants acknowledge that Plaintiff specifically addresses one discovery request, Interrogatory No. 1 sent to defendant Amador, but argue that Plaintiff did not adequately explain why Amador's substantial response is insufficient or why the additional information requested is relevant to this lawsuit.

# V.     DISCUSSION

Plaintiff brings a motion to compel further responses to nearly all of the discovery requests in his Requests for Admissions, Set One, to defendant R. Marquez, and Interrogatories/Request for Production of Documents, Set One, to defendants Amador and Sandoval.  Plaintiff has submitted a copy of all of the discovery requests and responses at issue (Doc. 72 at 29-52); however, Plaintiff specifically addresses only one of his discovery requests, the combined Interrogatory/Request for Production No. 1 to defendant Amador.[4]  (Id. at 11:9-24.)

## INTERROGATORY/REQUEST FOR PRODUCTION NO. 1 TO DEFENDANT AMADOR

What is your full name (First, Middle Last), years of service with the California Department of Corrections and Rehabilitation, assignments throughout the period of service, and job descriptions at each location where you were assigned throughout those years of service.  If any documents outlining the service, at these locations, please produce each document.

**RESPONSE:**

Defendant objects to this interrogatory on the grounds that it is compound, includes inappropriate subparts, improperly combines an interrogatory and a request for production of documents, overly broad, not relevant to any claims or defenses at issue in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence.

---

[4] Plaintiff specifically addresses some of his other discovery requests in his reply to Defendants' opposition.  (Doc. 78 at 8:21-10:24.)  However, Plaintiff did not specifically address these requests in his motion to compel.  It is well established in this circuit that "'[t]he general rule is that [parties] cannot raise a new issue for the first time in their reply briefs.'"  United States v. Birtle, 792 F.2d 846, 848 (9th Cir.1986) (quoting Thompson v. Commissioner, 631 F.2d 642, 649 (9th Cir.1980), cert. denied, 452 U.S. 961, 101 S.Ct. 3110, 69 L.Ed.2d 972 (1981)).  Therefore, the court declines to review the other discovery requests Plaintiff specifically addresses in the reply.

**Defendant further objects to this interrogatory on the ground that it seeks private information that could compromise Defendant's safety and security as a correctional officer.  If this matter proceeds to trial, Defendant will provide Plaintiff with her full name.   Without waiving these objections, Defendant responds as follows:**

**I have been employed as a correctional officer at Kern Valley State Prison since August 1, 2005.  Attached as exhibit A is a job description for correctional officers at Kern Valley State Prison.**

**<u>Plaintiff's Position</u>**

Plaintiff asserts that he sought, by this Interrogatory, to discover evidence that defendant Amador previously worked at Salinas Valley State Prison and participated in misconduct for which she was investigated.  Plaintiff also argues that Defendant's response to the request for disclosure of her full name was evasive, without reason.  Plaintiff argues that the information would be required at trial.

**<u>Defendant's Opposition</u>**

Defendant Amador argues that she did not provide her full name because providing inmates with personal information can compromise the safety of correctional officers. Defendant argues that evidence of her character is not admissible except as relevant to her credibility, and Plaintiff has not offered a specific explanation of such relevance.  Defendant cites Rule 404 of the Federal Rules of Evidence, which provides that evidence of a person's character is not admissible to prove that the person acted in accordance with that character.

**<u>Plaintiff's Reply</u>**

Plaintiff argues that he "is not under any obligation to prove to defense counsel either (1) the relevance to the claims of the case, of the discovery sought, (2) whether the request is narrow enough for defense counsel, or (3) why plaintiff requests certain discovery."  (Doc. 78 at 4:19-23.)  Plaintiff argues that he does not need to prove relevance because "the specific

requests are res ipsa loquitur, and given defense counsel's many, many years of defense of the very matters, plaintiff does not have to explain anything to defense counsel [and] needs only to set forth that 'the evidence (or matter) sought, bears on, or reasonably could lead to other matters that could bear on any issue that is or may be in the case.'" (Id. at 5:1-8.)

Plaintiff also argues that the disclosure of defendant Amador's full name is relevant because without it, Defendants could "claim that defendant M. Amador is the wrong M. Amador" who should answer to Plaintiff's complaint or who was involved in misconduct in the past. (Id. at 7:11-15.)

**Discussion**

The court concurs that Plaintiff has inappropriately combined his Interrogatories and Requests for Production of Documents. These are two distinctly different discovery tools, with distinctly different rules. See Fed. R. Civ. P. 33, 34. However, as Plaintiff is entitled to leniency as a pro se litigator, the Court endeavors, to the extent possible, to resolve his motion to compel on its merits. Hunt, 672 F.3d at 616.

Plaintiff is entitled to discover general background information such as defendant Amador's name and employment history with the CDCR. Defendant Amador has not sufficiently explained how the disclosure of her full name to Plaintiff will compromise her safety, and she apparently has no such concerns about disclosing her full name at trial. Plaintiff's interest in correctly identifying Defendant by name outweighs the benefit to Defendant in maintaining the privacy of her name. As for defendant Amador's assertion that this interrogatory contains impermissible subparts, the court disagrees. A single question asking for several bits of information relating to the *same topic* counts as one interrogatory. Safeco of America v. Rawstron, 181 F.R.D. 441, 445 (C.D.Cal. 1998). Plaintiff's subparts for this Interrogatory all request information about defendant Amador's background. Therefore, defendant Amador shall be required to provide her full name, years of service with the California Department of Corrections and Rehabilitation, assignments throughout the period of service, and brief job descriptions.

///

Plaintiff is also entitled to discover evidence of a defendant's misconduct which may be used to challenge credibility at trial.  However, Plaintiff did not request evidence of misconduct in Interrogatory No. 1, and Plaintiff's request for "any documents" outlining defendant's service at "each location where you were assigned" is impermissibly overbroad.  Therefore, Defendant shall not be required to provide further documents or any evidence of misconduct in response to this Interrogatory.

As for the requirement to meet and confer, Plaintiff takes issue with Defendants' failure to meet and confer with him about the discovery responses.  Plaintiff is reminded that due to the nature of this case, the parties to this action were relieved of some of the requirements which would otherwise apply, including the need to meet and confer in good faith prior to involving the Court in a discovery dispute.  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; Doc. 60, Discovery and Scheduling Order, ¶5.  Therefore, Defendants were under no obligation to meet and confer with Plaintiff about the discovery responses.

Plaintiff's assertion that he "is not under any obligation to prove to defense counsel either (1) the relevance to the claims of the case, of the discovery sought, (2) whether the request is narrow enough for defense counsel, or (3) why plaintiff requests certain discovery" is incorrect.  As discussed above at ¶III, Plaintiff is required to inform the court *which* discovery requests are the subject of the motion to compel, and for *each* disputed response, *why* the information is *relevant* and *why* the responding party's objections are *not meritorious*.  It is well established that the party bringing a motion to compel bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery, even if the prejudice appears obvious or the opposing party is experienced in law.  See Hallett, 296 F.3d at 751.

Plaintiff's motion to compel consists mostly of general arguments and conclusory statements, such as, "Defendant Marquez responded, wherein his responses #3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17 were evasive, incomplete, and failed to give complete answers, pursuant to Rule 37(a)(4)," (Doc. 72 at 9:14-17); "[f]or sake of brevity, plaintiff avers that all information, and documents requested were relevant discovery that 'appears to [be]

reasonably calculated to lead to discovery of admissible evidence,'" (Id. at 12:2-5); and "[i]t is apparent that plaintiff's requests are relevant, and given the foregoing, reasonably calculated to lead to the discovery of admissible evidence," (Id. at 14:16-17).   Plaintiff requests further responses to nearly all of his forty-five discovery requests, but he only specifically addresses the substance of one Interrogatory in his motion to compel.   Plaintiff may not simply assert that he has served discovery requests on each of three Defendants, that he is dissatisfied for general reasons with Defendants' objections and responses, and that he seeks an order compelling further responses.   Without specifics from Plaintiff, Defendants had little choice but to respond with largely general arguments in opposition.   The court is not obliged to examine each of the forty-five requests and responses and guess which of the parties' general arguments are applicable.   Because Plaintiff has not met his burden as the moving party to address each disputed response, the court is unable to make a reasoned ruling for each disputed response. Therefore, except for the court's ruling on Interrogatory No. 1 discussed above, Plaintiff's motion to compel shall be denied.   Based on this ruling, the court finds the parties' remaining issues in the motion to compel to be moot and shall not address them here.

## VI.   DISCOVERY SANCTIONS – RULE 37

Plaintiff requests the imposition of sanctions upon Defendants, as reimbursement to Plaintiff for his expenses in obtaining this order, on the grounds that Defendants failed to disclose, answer, or respond pursuant to Rule 37(a)(4).   Plaintiff submits no evidence of the monetary amount he is reasonably entitled to for his expenses.

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.   But the court must not order this payment if (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

Here, Plaintiff's motion to compel shall be granted in part by this order; however, out of approximately forty-five discovery requests, the motion shall be granted as to only part of one Interrogatory.   The remainder of Plaintiff's motion to compel shall be denied by this order, largely because Plaintiff failed to meet his burden, as the moving party, to inform the Court, for each disputed response, why the information sought is relevant and why Defendants' objections and responses were not meritorious.   Plaintiff's largely general arguments and conclusory statements were insufficient to place Defendants on notice of the alleged deficiencies of each response or to enable the court to make reasoned rulings on individual responses.   Under these circumstances, the court finds that an award of sanctions to reimburse Plaintiff for his expenses in bringing the motion would be unjust.   Therefore, the motion for sanctions shall be denied.

## VII.   DEADLINE TO FILE PRETRIAL DISPOSITIVE MOTIONS

The court notes that Plaintiff filed a second motion to compel in this case on September 8, 2014, which remains pending.  (Doc. 86.)  In light of the fact that the current deadline of March 17, 2015 for the parties to file dispositive motions may expire before Plaintiff's second motion to compel is resolved, the court finds good cause to extend the dispositive motions deadline for all parties to this action.  Accordingly, the deadline shall be extended to July 31, 2015.

## VIII.   CONCLUSION

Based on the foregoing, Plaintiff's motion to compel shall be granted in part and denied in part.  Defendant Amador shall be required to provide a further response to Plaintiff's Interrogatory No. 1, Set One, as discussed above.  However, Defendants are not required to make any other additional responses to Plaintiff's discovery requests at issue in this motion.

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion to compel, filed on June 5, 2014, is GRANTED IN PART and DENIED IN PART;

2.      Defendant Amador is required to provide a further response to Plaintiff's Interrogatory No. 1, Set One, as instructed by this order, within thirty days from the date of service of this order;

3.    Defendants are not required to make any other further responses to Plaintiff's discovery requests at issue in this order;

4.    Plaintiff's motion for sanctions is DENIED; and

5.    The deadline for the parties to file pretrial dispositive motions is EXTENDED from March 17, 2015 to July 31, 2015.

IT IS SO ORDERED.

Dated:   **March 4, 2015**                          **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE