1
2
3
4
5

UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF CALIFORNIA

7

8    LEONARD RANSOM, JR.,                          1:10-cv-00397-AWI-GSA-PC

9              Plaintiff,                           ORDER GRANTING IN PART AND
                                                    DENYING IN PART PLAINTIFF'S
10        vs.                                       MOTION TO COMPEL
                                                    (Doc. 86.)
11   R. MARQUEZ, et al.,
                                                    ORDER FOR DEFENDANT SANDOVAL
12             Defendants.                          TO PROVIDE FURTHER RESPONSES TO
                                                    PLAINTIFF'S REQUEST FOR
13                                                  PRODUCTION OF DOCUMENTS NOS.
                                                    1(a), 1(b), AND 1(c), AS INSTRUCTED BY
14                                                  THIS ORDER, WITHIN THIRTY DAYS

15

16   I.    BACKGROUND

17         Leonard Ransom, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma

18   pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint

19   commencing this action on March 8, 2010.  (Doc. 1.)  This case now proceeds on the First

20   Amended Complaint, filed on June 29, 2012, against defendants Correctional Officer (C/O) M.

21   Amador, C/O Daniel Nava, C/O R. Marquez, and C/O Ralph Nunez for use of excessive force;

22   and against defendants C/O Daniel Nava, C/O R. Marquez, Sergeant J. Ybarra, and Lieutenant

23   Carlos Sandoval for failure to protect Plaintiff.[1]  (Doc. 13.)

24

25         [1] On August 8, 2012, the Court dismissed Plaintiff's claim regarding his disciplinary process from this
     action for failure to state a claim.  (Doc. 17.)  The Court also dismissed defendants Daniel Gonzalez and Sergeant
26   Ybarra from this action, based on Plaintiff's failure to state any claims against them.  Id.  The Court also dismissed
     defendants Saul Ochoa, Harold Tyson, Eric Lunsford, Daniel Gonzalez, and Gina Marquez, without prejudice, on
27   Plaintiff's motion.  Id.  On October 3, 2012, defendant Sergeant Ybarra was reinstated as a defendant, under Fed.
     R. Civ. P. 60.  (Doc. 22.)

28

On January 7, 2014, the Court issued a Scheduling Order establishing a deadline of September 7, 2014 for completion of discovery, including the filing of motions to compel. (Doc. 60.)  The discovery deadline has now expired.

On September 8, 2014,[2] Plaintiff filed a motion to compel further responses by defendant Sandoval to Plaintiff's second request for production of documents.  (Doc. 86.)  On September 30, 2014, defendant Sandoval ("Defendant") filed an opposition to the motion. (Doc. 90.)  On October 17, 2014, Plaintiff filed a reply.  (Doc. 93.)

Plaintiff's motion to compel is now before the court.

## II.    PLAINTIFF'S ALLEGATIONS AT ISSUE

During the time of the events at issue in the First Amended Complaint, Plaintiff was incarcerated at Kern Valley State Prison (KVSP) in Delano, California.  Plaintiff's factual allegations follow.

The incident at issue in this lawsuit occurred on May 22, 2007, at KVSP.  Plaintiff and his cellmate were released for their showers (the facility was on modified program) by C/O Gonzalez, the unit control booth officer.  Plaintiff's cellmate entered the lower tier shower. While Plaintiff was waiting, he filled up containers with hot water in order to make coffee when he returned to his cell.  Another inmate asked Plaintiff to get some hot water for him. Plaintiff did so, and took it to that inmate's cell.  While standing at the cell door, Plaintiff asked C/O Gonzalez whether he could come out later.  Gonzalez stated, "No! take your shower!" First Amended Complaint (FAC), Doc. 13 at 5 ¶4.  Plaintiff told the other inmate that Gonzalez "got his idiot hat on today."  Id. at ¶5.  Gonzalez heard this comment over the intercom. Gonzalez then ordered Plaintiff to "lock it up, you don't get no shower!"  Id.  Plaintiff walked to his cell door and told Gonzalez to open his door.  Gonzalez did not open the cell door. Gonzalez left the control booth, and told C/Os Ochoa and Gina Marquez, falsely, that Plaintiff refused to return to his cell.

---

[2] Based on the mailbox rule, the Court deems the motion to compel to be timely filed.  Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009).

Ochoa and Gina Marquez entered the unit, approached Plaintiff, and ordered him to place his hands behind his back and "cuff up." Id. ¶8. Plaintiff refused to place his hands behind his back as "the restraints [were] applied in a manner likely to cause undue physical discomfort [or] restrict[ion] to my bloodflow, as I have an injured shoulder." Id. ¶9. Ochoa "attempted to deploy his pepper spray." Id. ¶10. Plaintiff protected himself from the pepper spray by putting his head down to avoid the pepper spray. Plaintiff alleges that Ochoa "attacked" him, with both Plaintiff and Ochoa falling to the ground. Id. at 6-7 ¶11. Plaintiff alleges that while he was on the ground, "I buried my face in the space between Officer Ochoa's left shoulder and neck area, as Ochoa continued to reposition my face, while hitting me with his fists." Id. ¶12. Although Plaintiff indicates that he was not struck in the face, he does allege that he was struck in the back of the head by Officer Gina Marquez.

Plaintiff ran past Ochoa out into the building rotunda, and was pursued by Ochoa and Gina Marquez. Once Plaintiff reached the C-section door, he turned around and lay prone. Officer Gina Marquez handcuffed Plaintiff, "causing great pain and further injury to my left shoulder." Id. ¶15. Once Plaintiff was handcuffed, responding staff began arriving in the unit. Responding staff included C/O R. Marquez, C/O Nava, C/O Nunez, C/O Amador, C/O Lomellie [not a defendant] and Sergeant Ybarra.

Plaintiff alleges, that while he was prone and handcuffed, he was "picked up, flipped heels over head, slammed back to the ground, arms bent (grotesquely) back (in a military stress position), by Officers Nava and Nunez, while Gina Marquez jumped up, in the air, and came down, with her knees to my lower back." Id. ¶18. While Plaintiff was being held down, C/O Nunez "stomped me on the backside, and the back of legs, ultimately scraping the skin off." Id. ¶20. Plaintiff alleges that Officer R. Marquez kicked him in the mouth, knocking a tooth out. When R. Marquez stopped, C/O Amador began striking Plaintiff with a baton in the upper left shoulder and back area, leaving distinct baton markings and welts on his back.

Sgt. Ybarra ordered the officers to get Plaintiff up and escort him out of the building. In response, Nava and Nunez "picked me up. . . and walked me (approx. 20'), at which time I was thrown to the ground, and again, kicked in the face, by R. Marquez (in full view of Sgt. Ybarra,

who had been there the entire time I was being beaten by his subordinates), at which time my lower lip was busted on the lower left side [and] Nava and/or Nunez started grinding my face on the cinder-block wall, which caused severe facial scraping, coupled with damage to my left shoulder, prior to being escorted out of the building." Id. at 7 ¶25.

Plaintiff alleges that, as he was being escorted out of the building, Nava and Nunez lifted Plaintiff up by his handcuffs "in the military stress position," where Plaintiff "had to walk doubled over, and was escorted out of the building, while being punched, continuously, by M. Amador and R. Marquez." Id. ¶26. Plaintiff was moved to the Facility A upper yard basketball court, where Nava and Nunez "again threw me to the ground and again stomped on the back of my legs, and my feet, and [I was] kneed in the face, by Officer Nunez, as R. Marquez, Nava, Sgt. Ybarra, and now, Lt. Carlos Sandoval watched." Id. ¶27. C/O Nava ordered Plaintiff to stop resisting, although Plaintiff alleges that he was not resisting. Plaintiff was placed in leg shackles and a spit mask. Plaintiff alleges that the spit mask obstructed his breathing (Plaintiff is asthmatic). Plaintiff's clothes were cut off with a pair of scissors, leaving him in boxer shorts. Plaintiff alleges that in the process of doing so, he was "threatened with scissors at my genitals." Id. at 8 ¶32. Plaintiff does not allege that he was injured by the use of scissors.

Plaintiff was taken to the Facility A medical clinic and placed in a holding cell. Plaintiff remained in the holding cell for three hours. Plaintiff also remained in leg shackles and was not allowed to decontaminate or rinse off the pepper spray that had been applied. After approximately thirty minutes, Plaintiff was examined. All of Plaintiff's clothing with the exception of his boxer shorts was removed. Plaintiff was then escorted to Administrative Segregation. Plaintiff alleges that the escort required him to walk approximately 175 yards along a gravel roadway, causing his feet to bleed.

Plaintiff alleges that at no time during this series of events was he allowed to decontaminate or have access to his inhaler. Plaintiff alleges that as a result of the use of force, he suffered "severe injuries," including the following: knocked out lower right tooth; lacerated lower left side of lip; contusion on the upper left back and shoulder area; shoulder bone injury;

///

4

left and right knee injuries; severe abrasions; severe facial abrasions; burning from pepper spray; and ongoing physical and psychological trauma.  Id. ¶36.

Plaintiff requests monetary damages and declaratory relief.

## III.   APPLICABLE LEGAL STANDARDS

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.  Fed. R. Civ. P. 26(b).  "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."   Id. A party may propound requests for production of documents that are within the scope of Federal Rule of Civil Procedure 26(b).  Fed. R. Civ. P. 34(a).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P. 37(a)(3)(B).  The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response."  Fed. R. Civ. P. 37(a)(4).  "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'"  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).  Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified.  E.g., Grabek v. Dickinson, No. CIV S–10–2892 GGH P., 2012 WL 113799, at *1 (E.D.Cal. Jan. 13, 2012); Ellis v. Cambra, No. 1:02–cv–05646–AWI–SMS (PC), 2008 WL 860523, at *4 (E.D.Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.  Grabek, 2012 WL 113799, at *1; Womack v. Virga, No. CIV S–11–1030 MCE EFB P., 2011 WL 6703958, at *3 (E.D.Cal. Dec. 21, 2011).

The Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the Court endeavors to resolve Plaintiff's motion to compel on its merits.  Hunt, 672

F.3d at 616; <u>Surfvivor Media, Inc. v. Survivor Productions</u>, 406 F.3d 625, 635 (9th Cir. 2005); <u>Hallett v. Morgan</u>, 296 F.3d 732, 751 (9th Cir. 2002.)

## IV.     PLAINTIFF'S MOTION TO COMPEL

Plaintiff requests the court to compel additional responses to his "Request for Production of Tangible Things and Request to Enter Onto Land," consisting of Requests 1(a)-(f), 2(a)-(d), and 3(a)-(d), which he propounded upon defendant Carlos Sandoval on July 9, 2014.  On July 28, 2014, defendant Sandoval responded to the Request.  Plaintiff has submitted a copy of all of the Requests and Responses at issue.  (Doc. 86, Exhs. A & B.)  Plaintiff asserts that defendant Sandoval provided only ten pages of documents, apparently in response to Plaintiff's Request No. 1(b), and objected to the other Requests on various grounds.  Defendant asserts that he provided seven pages, and the other documents sought by Plaintiff were either (1) not relevant to the claims and defenses of this case, (2) protected from disclosure by the official-information privilege or because of privacy reasons, (3) pose a security threat, or (4) not in defendant Sandoval's possession, custody, or control.  Plaintiff argues that there is no substantial justification for withholding the other documents, and that Defendant is concealing evidence and using unethical tactics.  Defendants deny attempting to suppress discoverable documents and argue that Plaintiff has not met his burden of showing that he is entitled to additional documents or that the official-information privilege does not apply.

**PLAINTIFF'S REQUEST FOR PRODUCTION NO. 1:**

To produce and permit plaintiff to inspect and copy the following documents, including electronically stored information:

(a)     Duty Roster, A-Facility, Kern Valley State Prison, for 2nd Watch Correctional Officer assignments (all officers and post) for the day of May 22, 2007;

(b)     Critical Worker list, movement sheets, log book pages for all housing units, and log book pages from A-Facility Medical Clinic, or Inmate Ducat List, for A Facility, Kern Valley State Prison on May 22, 2007 (2nd Watch);

///

///

(c)     Specific Post Orders, applicable, explicitly for each post filled by a correctional officer on May 22, 2007, in A-Facility, Kern Valley State Prison, i.e. Floor Officer 1 or 2, Search & Escort 1, 2, 3, or 4, Building Control Booth Officer, Yard Tower Officer, etc.;

(d)     All diagrams, blueprints, invoices, work orders, or instructions on operation of any permanently mounted surveillance cameras in A-Facility, Kern Valley State Prison, specifically covering any portion of the recreation yards (including A-Facility Work Change monitors);

(e)     Any and all statements, written or oral, photographs, reports, diagrams, tape or audio/video recordings, by plaintiff or any correctional officer, made in the course of and as a direct result of an Office of Internal Affairs investigation, with respect to excessive for[ce] complaint filed by Leonard Ransom Jr., (D-13702), regarding the events of May 22, 2007, in A-Facility, Kern Valley State Prison; and

(f)     Specific policies, procedures, directives, manuals, or instructions for the processing, collection, storage, handling, or destruction of tangible evidence collected as a result of alleged criminal actions of inmates.

///

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendant objects to this request on the grounds that is it overly broad, burdensome, not relevant to any claims or defenses at issue in this lawsuit, subject to the official-information privilege, seeks confidential information, and is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections, Defendant responds as follows:

///

***Response To Request For Production No. 1(a)***:

(A)     After a diligent search and reasonable inquiry, Defendant does not have documents responsive to this request in his possession, custody, or control.

**Discussion**:   Plaintiff argues that these documents are constructively accessible to defendant Sandoval by and through his counsel, as the California Attorney General and its

7

deputy attorneys have access to all evidence held by any law enforcement agency, and the Defendant has constructive possession.

Defendant argues that he cannot produce documents he does not have and could not find after a diligent search and reasonable inquiry. Defendant argues that Plaintiff's conclusory argument does not establish that he is entitled to any additional documents or that any additional documents exist.

**Ruling**:          Plaintiff's motion to compel is granted.

Identification of the officers on duty at the time and place of the incident at issue in this lawsuit is plainly relevant to Plaintiff's claims of excessive force and failure to protect him. Defendant's response that he made a "diligent search and reasonable inquiry" but does not have "documents responsive to this request in his possession, custody, or control" is not sufficient.

In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010). If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. Ochotorena v. Adams, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010). Boilerplate objections do not suffice. Fed. R. Civ. P. 34(b)(2)(B), (C); Burlington N. & Santa Fe Ry. Co., 408 F.3d at 1149.

Defendant has not described his efforts with sufficient specificity to allow the Court to determine whether he made a reasonable inquiry and exercised due diligence in searching for the document requested in Request 1(a), nor has he stated that the document does not exist. Therefore, Defendant shall be required to provide Plaintiff with a copy of the Duty Roster requested, if such document exists in the care, custody, or control of the Defendant or the California Department of Corrections and Rehabilitation ("CDCR").

***Response To Request For Production No. 1(b)***:

(B)     Attached as Exhibit A are the log books from May 22, 2007, 2nd Watch for facility A, buildings 1, 2, 5, 6, and 8.  Movement sheets from May 22, 2007, 2nd Watch are no longer in existence, KVSP has only archived movement sheets back to 2009.  After a diligent search and reasonable inquiry, Defendant has been unable to find additional documents relevant to this request and therefore does not have additional responsive documents in his possession, custody, or control.

**Discussion**

Plaintiff asserts that Defendant Sandoval responded to this request by providing what appears to be altered log book pages which are incomplete and missing pages for housing units A-3, A-4, and A-7 Buildings.  Plaintiff asserts that Defendant did not provide a log book page for A-Facility Medical Clinic, or the Inmate Ducat List for A-Facility.

Defendant states that he properly objected to this request based on the official information privilege, and otherwise provided Plaintiff with responsive, non-privileged documents in his possession, custody, and control.

**Ruling**:        Plaintiff's motion to compel is granted in part.

Here, it is apparent that Defendant searched for and found log books for Facility-A housing units A-1, A-2, A-5, A-6, and A-8.  Plaintiff must accept that Defendant was unable to find the requested log books for units A-3, A-4, and A-7 during the same search, and that the movement sheets from May 22, 2007, 2nd Watch are no longer in existence.

With respect to the log book page for A-Facility Medical Clinic, and Inmate Ducat List for A-Facility, it is unclear whether Defendant objects to these requests based on the official information privilege, or whether he searched and was unable to find the documents.  The court disagrees that Defendant properly objected based on the official information privilege.  To invoke a claim of the official information privilege, Defendant bears the burden of the initial showing that confidentiality overrides the liberal discovery procedures outlined in Rule 26, which requires an affidavit from an agency official in control of the documents.  Oyarzo v. Tuolumne Fire Dist., No. 1:11-cv-01271-LJO-SAB, 2013 WL 1758798, at *9-10 (E.D. Cal.

2013) (citing <u>Soto v. City of Concord</u>, 162 F.R.D. 603, 613 (N.D. Cal. 1995) and <u>Kelly v. City of San Jose</u>, 114 F.R.D. 653, 660-61 (N. D. Cal. 1987)); <u>see also</u> <u>Randle v. Franklin</u>, No. CV 1-08-00845-JAT, 2010 WL 3069205, at *3 (E.D. Cal. Aug. 3, 2010) ("[T]he Defendant has the burden of showing that confidentiality and safety concerns override the liberal discovery procedures outlined in Fed. R. Civ. P. 26."). Mere argument is insufficient. While Defendant asserts that he provided the declaration of KVSP Litigation Coordinator William Adams to Plaintiff in support of the official-information privilege, Defendant has not submitted the declaration to the Court for review. The Court cannot make a ruling regarding documents which may or may not exist based on a bare claim of privilege.

Defendant shall be required to make a further response to Plaintiff's requests for the "log book page for A-Facility Medical Clinic, or Inmate Ducat List for A-Facility," by either producing one of the requested documents, further explaining his diligent search and reasonable inquiry, or making a proper objection.

///

### ***Response To Request For Production No. 1(c)****:*

(C)   After a diligent search and reasonable inquiry, Defendant does not have documents responsive to this request in his possession, custody, or control.

**Discussion**

Plaintiff asserts that no documents were produced in response to this Request.

Defendant Sandoval states that he cannot produce documents he does not have and could not find after a diligent search and reasonable inquiry. Defendant also states that he properly objected to this request based on the official information privilege, and otherwise provided Plaintiff with responsive, non-privileged documents in his possession, custody, and control.

**Ruling:**     Plaintiff's motion to compel is granted.

As discussed above, Defendant has not properly invoked the official information privilege, described his efforts with sufficient specificity to allow the Court to determine whether he made a reasonable inquiry and exercised due diligence in searching for the

documents requested in Request 1(c), or stated that the documents do not exist. Therefore, Defendant shall be required to make a further response to Plaintiff's request for the specific post orders requested, by either producing them, further explaining his diligent search and reasonable inquiry, or making a proper objection.

///

#### *Response To Request For Production No. 1(d)*:

(D)     Defendant objects to this request on the grounds that it is subject to the official-information privilege, and seeks information that could threaten the safety and security of the institution if released to an inmate.

#### **Discussion**

Plaintiff argues that Defendant's objection to this Request is tantamount to a "failure to disclose."

Defendant states that he properly objected to this request based on the official information privilege, and otherwise provided Plaintiff with responsive, non-privileged documents in his possession, custody, and control.

**Ruling**:        Plaintiff's motion to compel is denied.

Plaintiff has not demonstrated why the requested diagrams, blueprints, invoices, work orders, or instructions about the operation of permanently mounted surveillance cameras at KVSP are relevant to his claims in this action.  Plaintiff only makes general statements that "[w]ithout revealing [his] trial strategy," every document he requests is relevant, admissible at trial, or calculated to lead to the discovery of admissible evidence.  This is not sufficient.

///

#### *Response To Request For Production No. 1(e)*:

(E)     Defendant objects to this request on the grounds that it is subject to the official-information privilege, and previously requested in Plaintiff's first sets of interrogatories sent to Defendants Sandoval and Amador.

///

///

**Discussion:**

Plaintiff takes issue with Defendants' objection that the requested documents are subject to the official-information privilege.

Defendant states that he properly objected to this request based on the official information privilege, and otherwise provided Plaintiff with responsive, non-privileged documents in his possession, custody, and control.

**Ruling:**          Plaintiff's motion to compel is denied.

Plaintiff has not addressed Defendant's assertion that Plaintiff previously made this same request in Plaintiff's first sets of interrogatories sent to Defendants Sandoval and Amador. Thus, Plaintiff has not met his burden of informing the court why this objection is not meritorious. Moreover, the court finds this Request to be overly broad.  It would be impossible for defendant to effectively search for "*any and all* statements, written or *oral. . . by plaintiff or any* correctional officer, made *in the course of and as a direct result of*" the investigation at issue.     There would be no way for Defendant to know when he had completed the search. Defendant's objection on the ground that the request is overly broad is sustained.

///

### *Response To Request For Production No. 1(f):*

(F)      Attached as Exhibit is the relevant section of the department operations manual. A confidential operation procedure also exists regarding the control of evidence, but Defendant objects to providing this document as it is confidential and subject to the official-information privilege.

**Discussion**

Plaintiff takes issue with Defendants' objection on the ground that the requested documents are subject to the official-information privilege.

Defendant states that he properly objected to this request based on the official information privilege, and otherwise provided Plaintiff with responsive, non-privileged documents in his possession, custody, and control.

///

**Ruling**:          Plaintiff's motion to compel is denied.

As discussed above, Defendant has not properly invoked the official-information privilege.  However, Plaintiff has not established that the information requested is relevant to the claims at issue in this action.  Moreover, the court finds that such information in the hands of inmates -- concerning policies and procedures for handling of evidence of alleged criminal actions of inmates -- could threaten the safety and security of the institution.

///

**PLAINTIFF'S REQUEST FOR PRODUCTION NO. 2:**

To produce and permit the plaintiff to personally inspect, (physically, and visually), and to test, document, and sample the following tangible things:

(a)     One (1) pair NIKE OVERPLAY MID BASKETBALL SHOES, color: white w/grey/silver Nike swoosh emblem, size: 9 1/2, which were seized as evidence, by correctional officers, on May 22, 2007, and processed, which were taken from plaintiff Leonard Ransom, Jr. (D13702); (Case #KVSP-FA6-07-05-0263)(DR9e10).

(b)     One (1) pair Grey personal shorts, which were seized as evidence, by correctional officers, on May 22, 2007, and processed; which were taken from plaintiff Leonard Ransom, Jr. (D13702); (Case #KVSP-FA6-07-05-0263); (DR 11).

(c)     One (1) white t-shirt w/blood ePepper Spray, which was seized as evidence, by correctional officers, on May 22, 2007, and processed; which were taken from plaintiff Leonard Ransom, Jr. (D13702); (Case #KVSP-FA6-07-05-0263); (DR 12).

(d)     One (1) Hand-held retractable baton (or glossy color photo of same, both, fully extended and retracted); *will be ordered to bring physical item to trial.

///

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant objects to this request on the grounds that it is not relevant to any claims or defenses at issue in this lawsuit, not reasonably calculated to lead to the discovery of admissible evidence, and seeks items that are not available to inmates due to safety and security concerns. Without waiving these objections, Defendant responds as follows:

13

After a diligent search and reasonably inquiry, Defendant does not have items A through C in his possession, custody, or control.  As to subsection (d), Defendant will not provide Plaintiff with a baton due to security concerns.

**Discussion**

Plaintiff argues that items (a) through (c) are his property, have evidentiary value, and will be needed for and admissible at trial, and he believes they were taken at the direction of defendant Sandoval.  Plaintiff also argues that items (a) through (c) are constructively accessible to defendant Sandoval by and through his counsel, as the California Attorney General and its deputy attorneys have access to all evidence held by any law enforcement agency, and the Defendant has constructive possession.  Plaintiff requests item (d), the baton or photos of the baton, because he was beaten with a fully extended retractable baton and knows exactly what the make of the baton was.  Plaintiff alleges that Defendant is trying to withhold the baton, or photos of the baton, so he can bring a different model of retractable baton to trial that doesn't match the markings on Plaintiff's back shown in the evidentiary photos.

Defendant argues that he properly responded to Requests 2(a-d) by informing Plaintiff that he did not have the items requested in his possession, custody, or control.  Defendant asserts that Plaintiff's unsubstantiated claim that these items are available to Defendant does not meet Plaintiff's burden for showing that Defendant improperly withheld the requested items.  Defendant also argues that Plaintiff's conclusory statements do not establish that these requests are relevant to this lawsuit.

**Ruling**:         Plaintiff's motion to compel is denied.

Even if the shirt, shorts, and shoes that he was wearing on the day of the excessive force incident were kept for eight years and are available to Defendant, Plaintiff has not established how they are relevant to the claims at issue and have evidentiary value, or how he will be prejudiced without these items.  Plaintiff claims the items will be needed and are admissible at trial, without explanation.  This is not sufficient to meet Plaintiff's burden.

With respect to the baton, the court concurs that there are obvious safety concerns with providing a baton to an inmate.   These concerns outweigh Plaintiff's interest in handling the

baton or using it as evidence at trial.  Plaintiff has not explained why it is not sufficient for him to testify about the baton, or how he will be prejudiced without being able to submit the baton into evidence.  As for Plaintiff's alternate request for Defendant to take glossy photos of the baton, Defendant is not required to provide evidence that does not already exist.

///

**PLAINTIFF'S REQUEST FOR PRODUCTION NO. 3:**

To permit the plaintiff to enter onto the following land, or premises, to inspect, photograph, test, or sample the property, or an object or operation on the property:

> (a)    Kern Valley State Prison
>
> A-Facility, patio, patio entrance gate
>
> to A-Upper Yard, A-Upper Yard directed
>
> to A-Upper Basketball Court, A-Upper Basketball Court, directed to A-Yard

> (b)    View from A5 Building Control Booth windows to the A-Upper Yard Basketball court;

> (c)    View from A6 Building Control Booth windows to the A-Upper Yard Basketball Court;

> (d)    A-Facility work change monitors view from A-Upper Yard work change wall surveillance camera located on the work change wall, on the recreation yard side.

///

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant objects to this request on the grounds that it is subject to the official information privilege, and burdensome.  Because Plaintiff is currently a CDCR inmate, housed at California State Prison – Los Angeles County, Defendant is unable to comply with this request due to the safety and security concerns involved.

**Discussion**

Plaintiff argues that Defendant has refused to use the alternate method of responding to this Request – taking photographs of the locations and providing them to Plaintiff.  However, Defendant is not obligated to provide evidence that does not already exist.  Plaintiff argues that

Defendant and his counsel are concealing evidence and using unethical tactics, violating the Business and Professional Codes and harassing Plaintiff.  Plaintiff argues that he needs each and every item requested to build and prosecute his case.

Defendant argues that this request is subject to the official-information privilege, and argues that "[p]roviding an inmate with diagrams or photographs of prison buildings risks the safety and security of staff and other inmates housed at the prison. . . because they may be used to plan an escape, or attacks on staff or inmates."  (Oppn., Doc. 90 at 4 ¶B) (citing Seals Decl., Exh. A ¶6.)

**Ruling**:        Plaintiff's motion to compel is denied.

As discussed above, Defendant has not properly invoked the official-information privilege.  However, Defendant's argument that a risk to safety and security exists if such information to an inmate has merit.  The court finds that the risk described by Defendant outweighs Plaintiff's interest in being allowed to take photographs of buildings or surroundings at KVSP and using them as evidence.  Moreover, Plaintiff has not met his burden to explain why he needs these items to build and prosecute his case, or how he will be prejudiced without them.

## VIII.   CONCLUSION

Based on the foregoing, Plaintiff's motion to compel shall be granted in part and denied in part.  Defendant Sandoval shall be required to provide further responses to Plaintiff's Request for Production Nos. 1(a), 1(b), and 1(c), as discussed above.  However, Defendant is not required to make any other additional responses to Plaintiff's discovery requests at issue in this motion.

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion to compel, filed on September 8, 2014, is GRANTED IN PART and DENIED IN PART;

2.      Defendant Sandoval is required to provide further responses to Plaintiff's Request for Production Nos. 1(a), 1(b), and 1(c), as instructed by this order, within thirty days from the date of service of this order; and

3.      Defendant is not required to make any other further responses to Plaintiff's discovery requests at issue in this order.

IT IS SO ORDERED.

Dated:   __**May 16, 2015**__          _____**/s/ Gary S. Austin**_____
                                                UNITED STATES MAGISTRATE JUDGE