UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD RANSOM, JR., <br><br>    Plaintiff, <br><br>    vs. <br><br> R. MARQUEZ, et al., <br><br>    Defendants. | 1:10-cv-00397-AWI-EPG-PC <br><br> ORDER REQUESTING CLARIFICATION FROM DEFENSE COUNSEL WITHIN TEN DAYS |

     Leonard Ransom, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on March 8, 2010.  (Doc. 1.)  This case now proceeds on the First Amended Complaint, filed on June 29, 2012, against defendants Correctional Officer (C/O) M. Amador, C/O Daniel Nava, C/O R. Marquez, and C/O Ralph Nunez for use of excessive force; and against defendants C/O Daniel Nava, C/O R. Marquez, Sergeant J. Ybarra, and Lieutenant Carlos Sandoval for failure to protect Plaintiff.[1]  (Doc. 13.)

---

[1] On August 8, 2012, the Court dismissed Plaintiff's claim regarding his disciplinary process from this action for failure to state a claim. (Doc. 17.)  The Court also dismissed defendants Daniel Gonzalez and Sergeant Ybarra from this action, based on Plaintiff's failure to state any claims against them.  Id.  The Court also dismissed defendants Saul Ochoa, Harold Tyson, Eric Lunsford, Daniel Gonzalez, and Gina Marquez, without prejudice, on Plaintiff's motion.  Id.  On October 3, 2012, defendant Sergeant Ybarra was reinstated as a defendant, under Fed. R. Civ. P. 60. (Doc. 22.)

On July 31, 2015, defendant Sandoval filed a motion for summary judgment, which is pending.  (ECF No. 110.)   The Court notes that the footnote on page 1 of Sandoval's memorandum of points and authorities in support of the motion for summary judgment states: "Defendants *Sandoval, Amador, Nunez, Ybarra, Marquez and Nava* have determined that the claims against them are not amenable to a summary judgment motion."  (ECF No. 111 at 1 fn.1.)  In light of defendant Sandoval's pending motion for summary judgment, the Court requests clarification by defense counsel, within ten days, of the meaning of the footnote and whether defendant Sandoval was meant to be included in the footnote.

Accordingly, IT IS HEREBY ORDERED that within ten days from the date of service of this order, defense counsel shall clarify the meaning of the footnote described in this order, and whether defendant Sandoval was meant to be included in the footnote.

IT IS SO ORDERED.

Dated:   **December 1, 2015**        /s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE