UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD RANSOM, JR.,<br><br>       Plaintiff,<br><br>  vs.<br><br>R. MARQUEZ, et al.,<br><br>      Defendants. | 1:10-cv-00397-AWI-EPG-PC<br><br>SCHEDULING ORDER FOLLOWING DISCOVERY CONFERENCE HELD ON APRIL 28, 2016<br><br>ORDER FOR PARTIES TO PARTICIPATE IN DISCOVERY AS INSTRUCTED BY THIS ORDER<br><br>ORDER DENYING MOTION FOR PROTECTIVE ORDER AS MOOT (ECF No. 135.)<br><br>**Telephonic Status Conference**<br>July 6, 2016 at 2:00 p.m.<br>Courtroom 10 (EPG)<br><br>         **Defendants' Status Report Due**:<br>         July 5, 2016<br><br>**Settlement Conference:**<br>August 3, 2016 at 10:30 a.m.<br>Courtroom 10 (EPG)<br><br>         **Confidential Settlement Conference**<br>         **Statements Due:**    July 27, 2016<br><br>**Telephonic Trial Confirmation Hearing:**<br>August 19, 2016 at 1:30 p.m.<br>Courtroom 2 (AWI)<br><br>**JURY TRIAL:**<br>September 27, 2016 at 8:30 a.m.<br>Courtroom 2 (AWI) |

## I.    BACKGROUND

Plaintiff, Leonard Ransom, Jr. ("Plaintiff"), is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the

Complaint commencing this case on March 8, 2010.  (ECF No. 1.)  This case now proceeds with the First Amended Complaint filed on June 29, 2012, against defendants Correctional Officer (C/O) Amador, C/O Daniel Nava, C/O R. Marquez, and C/O Ralph Nunez for use of excessive force; and against defendants C/O Daniel Nava, C/O R. Marquez, and Sergeant J. Ybarra, for failure to protect Plaintiff in violation of the Eighth Amendment.  (ECF No. 13.)

This case is scheduled for a settlement conference before Magistrate Judge Erica P. Grosjean on August 3, 2016.  This case is also scheduled for a telephonic trial confirmation hearing on August 19, 2016, and jury trial on September 27, 2016, before District Judge Anthony W. Ishii.

## II.   DISCOVERY CONFERENCE

On April 28, 2016 at 10:30 a.m., an informal telephonic discovery conference was held before Magistrate Judge Erica P. Grosjean.  Plaintiff appeared telephonically on his own behalf, and California Deputy Attorney General Allison M. Low appeared telephonically on behalf of Defendants.  The parties discussed the status of discovery.

### A.   Defendants' Request for Witness Names and Statements

At the prior status conference on April 6, 2016 in this case, "Plaintiff was advised that he must turn over his evidence concerning witnesses, including any witness statements or declarations, to Defendants as soon as possible."  (ECF No. 133 at 3:3-4.)  Plaintiff has now provided to Defendants a list of four witnesses and two witness statements, and agreed to provide any other witness information that may be found.  Plaintiff also provided photographs of his injuries and evidence that defendant Marquez's wife attempted to interfere with the investigation.  Defendants indicated that this discovery issue is now resolved.

### B.   Plaintiff's Request for Duty Roster and Post Orders

Plaintiff previously requested a Duty Roster, and Defendants previously responded that they searched for the Roster and did not find it.  At the hearing, Plaintiff stated that he has a copy of a redacted Duty Roster that was provided to him in prior criminal proceedings, and he seeks an unredacted copy.  The Court ordered the parties to meet and confer to discuss why Defendants could not find the Duty Roster.  Plaintiff shall provide a copy of the relevant

portions of the redacted Duty Roster to Defendants by May 5, 2016. Defendants shall provide the relevant portions of the unredacted Duty Roster to Plaintiff by May 19, 2016, or their statement of efforts to locate such roster and why it could not be located, if applicable.

At the hearing, Plaintiff requested records of names of officers assigned to Second Watch duty on May 22, 2007 in Buildings 5, 7, and 8. Defense counsel indicated she believed she could provide these records. Defense counsel shall provide Plaintiff with copies of the records by May 19, 2016.

Plaintiff also renewed a request for post orders. Defendants indicated their belief that this request was resolved in earlier discovery, but Plaintiff stated that he did not receive all of the post orders. The Court ordered the parties to meet and confer about the post orders. Defendants shall provide the remaining post orders to Plaintiff by May 19, 2016.

### D.    <u>Plaintiff's Request for Operations Policy and Procedures</u>

Plaintiff previously requested copies of the confidential Operations Policy and Procedures regarding the control of evidence. Defendants previously produced the relevant section of the Department Operations Manual and objected to further production because the information is confidential and subject to the Official Information Privilege. The Court[1] denied Plaintiff's motion to compel a further response to this request because Plaintiff had not established that the information is relevant, and because such information in the hands of an inmate raises safety and security concerns. (ECF No. 109 at 13:1-6.)

At the hearing, Plaintiff renewed his request for the Policies and Procedures in force on May 22, 2007, addressing how officers were supposed to preserve evidence following use-of-force incidents, how officers were supposed to respond to such incidents, which use-of-force reports should be made, and how the reports should be preserved. Plaintiff seeks policies and procedures specific to Kern Valley State Prison and to each job assignment, not general information found in Title 15. The Court found that the requested information is relevant to

///

---

[1] The prior order, granting in part Plaintiff's motion to compel of September 8, 2014, was issued by Magistrate Judge Gary S. Austin on May 18, 2015. (ECF No. 109.)

Plaintiff's claims.  Defendants shall provide the described information to Plaintiff by May 19, 2016.

**E.**    **Plaintiff's Request for Office of Internal Affairs' Report of Investigation**

Plaintiff previously requested records of the Office of Internal Affairs' investigation of the May 22, 2007 incident at issue.  Defendants previously objected to the request on the grounds that the information is subject to the Official Information Privilege, and because Plaintiff had made this same request earlier in discovery.  Magistrate Judge Gary S. Austin denied Plaintiff's motion to compel because Plaintiff failed to meet his burden of informing the Court why the objections are not meritorious, and because the request is overly broad.  (ECF No. 109 at 12:7-15.)  Judge Austin did not rule on the merits of the privilege.

Plaintiff renewed his request at the hearing, and the Court found that records of interviews and opinions concerning the investigation are relevant.  The Court also advised the parties that the Official Information Privilege is not a blanket privilege, and it requires a balancing that takes public safety issues into account.  Defendants argued that producing the information raises safety and security concerns for prison staff, and all of the records of the investigation are not relevant to this case.  Defendants argued that producing the interviews would raise public safety concerns and could place other inmates at risk, because the interviews contain information provided confidentially.

Plaintiff argued that Defendants had waived the Official Information Privilege for the photos, because Defendants used similar photos as evidence in support of their motion for summary judgment.  Defendants argued that they had not waived the privilege because the photos they used were taken specifically for the motion for summary judgment.

The Court did not rule on the applicability of the Official Information Privilege question at the hearing, and the parties are not precluded from raising the issue again.  Defendants shall produce the Office of Internal Affairs' investigation documents, including (1) interviews of witnesses (not confidential informants), (2) interviews of confidential informants, (3) official reports showing what was found in the investigation, which concluded that Defendants were not at fault, and (4) photographs made in the course of and as a result of the investigation.  By

May 19, 2016, Defendants shall provide to Plaintiff any of these documents considered unprivileged, informing Plaintiff which documents were withheld as privileged. Defendants shall submit all privileged documents to the Court for *in camera* review by May 19, 2016, and shall concurrently file a motion arguing how the privilege applies to specific investigative materials, without discussing any confidential information in the motion. Plaintiff may respond to the motion within two weeks, no later than June 2, 2016.

      **F.**    **<u>Plaintiff's Letter to the Court</u>**

Plaintiff submitted a letter to the Court on April 14, 2016 which the Court filed as a motion for protective order. (ECF No. 135.) In the letter, Plaintiff discusses conditions of his confinement at Salinas Valley State Prison, where he was transferred on April 8, 2016. Plaintiff alleges that he has been subjected to various forms of retaliation, such as confiscation and destruction of his property and placement in a cell with severe plumbing problems and a urine odor. Defendants asserted that at the April 22, 2016 hearing, Plaintiff clarified that he did not intend to file a formal motion for protective order, he was not missing any legal materials necessary for his handling of this case, and he did not need any action taken at this time. Plaintiff did not disagree with Defendants' assertion. Therefore, the motion for protective order shall be denied as moot. The Court advised Plaintiff that he may file a new case to bring a retaliation claim, if he wishes.

      **G.**    **<u>Next Status Conference Scheduled for July 6, 2016 at 2:00 p.m.</u>**

The Court scheduled another telephonic status conference for this case, to be held on July 6, 2016 at 2:00 p.m. before Magistrate Judge Erica P. Grosjean. The parties are required to meet and confer about discovery issues before the conference. Defendants shall file a report discussing the status of discovery, no later than July 5, 2016. Plaintiff is not required to file a report, but if he so chooses, he may file a report no later than July 5, 2016. Counsel for Defendants is required to arrange for the participation of Plaintiff in the telephonic conference and to initiate the telephonic conference at **(559) 499-5960.**

///

///

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    The parties shall participate in discovery as directed by this order;

2.    A telephonic status conference is scheduled for **July 6, 2016 at 2:00 p.m.** in Courtroom 10 before Magistrate Judge Erica P. Grosjean;

3.    Counsel for Defendants is required to arrange for the participation of Plaintiff in the telephonic conference and to initiate the telephonic conference at **(559) 499-5960;**

4.    The parties are required to meet and confer outside of Court, before the July 6, 2016 conference, to discuss discovery issues as instructed by this order;

5.    On or before **July 5, 2016**, Defendants are required to file a status report informing the Court of the status of discovery in this case;

6.    Plaintiff's status report, if any, discussing the status of discovery, is due on or before **July 5, 2016**;

7.    A Settlement Conference is scheduled for **August 3, 2016 at 10:30 a.m.**, before Magistrate Judge Erica P. Grosjean in Courtroom 10 at the United States Courthouse, Sixth Floor, Courtroom 10, 2500 Tulare Street, Fresno, California;

8.    The parties shall refer to the Court's order of April 8, 2016, for information concerning their appearances at the Settlement Conference;

9.    A telephonic trial confirmation hearing is scheduled for **August 19, 2016 at 1:30 p.m.** before District Judge Anthony W. Ishii in Courtroom 2; and

10.    Jury trial for this case is scheduled to commence on **September 27, 2016 at 8:30 a.m.** before District Judge Anthony W. Ishii in Courtroom 2.

IT IS SO ORDERED.

Dated:   **May 16, 2016**                                    /s/ Erica P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE