UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LEONARD RANSOM, JR.,**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**R. MARQUEZ, et al.,**<br><br>　　　　Defendants. | CASE NO. 1:10-CV-0397  AWI EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S RULE 60(b) MOTION FOR RELIEF<br><br>(Doc. No. 179) |

　　　　On July 12, 2016, the parties filed a stipulation for dismissal of this entire case with prejudice. See Doc. No. 177.  The stipulation was signed by Plaintiff and defense counsel.  See id. Pursuant to Rule 41(a)(1), the case terminated automatically with the filing of the notice of dismissal.  See Fed. R. Civ. P. 41(a)(1)(A)(ii); Yesh Music v. Lakewood Church, 727 F.3d 356, 362 (5th Cir. 2013); Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1077 (9th Cir. 1999); Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997); In re Wolf, 842 F.2d 464, 466 (D.C. Cir. 1989).  Because the case terminated automatically, the Court ordered the Clerk's office to close the case on July 13, 2016.  See Doc. No. 178.

*Plaintiff's Motion*

　　　　On July 20, 2016, Plaintiff filed this Rule 60(b)(1) and (b)(3) motion for relief.[1]  See Doc. No. 169.  Plaintiff explains that he participated in a settlement conference with defense counsel, who is an attorney with the California Attorney General's office.  See id. at ¶ 3.  Plaintiff states

---

[1] Voluntary dismissals are considered to be orders or judgments from which Rule 60(b) relief can be granted.  See Yesh Music, 727 F.3d at 361; In re Hunter, 66 F.3d 1002, 1004-05 (9th Cir. 1995).

that he entered into negotiations with the understanding that defense counsel was under a duty to not disregard criminal activities of correctional officers.  See id. at ¶ 4.  Plaintiff contends that defense counsel was "advised" that one of the remaining defendants committed perjury.  See id. at ¶ 5.  Despite this knowledge, Plaintiff avers that defense counsel used her authority to "aid and abet" the perjury/violations of law and entered into the settlement agreement.  See id.  As a result, Plaintiff contends that the settlement agreement is null and void per California Civil Code § 1667,[2] because it is contrary to law.  See id.  Plaintiff states that he did sign the settlement, but he became apprehensive during the negotiation process and decided to forego the settlement.  See id. at ¶¶ 6, 7.  Plaintiff states that as he was leaving, a correctional officer asked for the settlement related documents, and Plaintiff complied.  See at ¶ 7.  Plaintiff states that he later received a copy of the stipulation for voluntary dismissal from defense counsel, but not a copy of the settlement agreement.  See id. at ¶ 8.  Plaintiff requests that any Rule 41 dismissal be set aside because it is predicated on a settlement agreement that is void due to defense counsel's failure to carry out her duty to see that all laws of California are obeyed.[3]  See id.

*Discussion*

Plaintiff has not shown fraud or mistake, surprise, inadvertence or excusable neglect that would warrant relief under Rule 60(b).

First, Plaintiff has not shown that any defendant actually committed perjury in this case or that defense counsel knew that perjury had been committed.  There is no discussion of what false statements the defendant made, when the "perjury" occurred, or whether any statements by the defendant actually fit the definition of "perjury."  Plaintiff's bare legal conclusion that a defendant perjured himself is insufficient.

---

[2] California Civil Code § 1667 in its entirety reads: "That is not lawful which is: 1. Contrary to an express provision of law; 2. Contrary to the policy of express law, though not expressly prohibited; or, 3. Otherwise contrary to good morals."

[3] From Plaintiff's motion, it appears that he filed this motion prior to actual receipt of the July 13 dismissal order.

Second, even if there was perjury by one defendant, defense counsel's obligation would be to not place before the Court or a jury that testimony. Defense counsel's obligation to represent her clients does not cease. Plaintiff cites no authority that would require defense counsel to refrain from negotiating a settlement of this case because one defendant allegedly perjured himself. To the extent that Plaintiff believes that criminal charges should be brought against the defendant, that is a decision that rests with a prosecuting attorney, not defense counsel. Any perjury related criminal proceedings would occur in a case that is separate and distinct from this civil rights lawsuit.

Third, Plaintiff has failed to show that defense counsel committed fraud. There are no allegations that defense counsel made material false representations to Plaintiff or that he detrimentally relied on any false representations.

Fourth, Plaintiff cites no authority that shows defense counsel did something that would void the settlement or that would have prevented her from negotiating the settlement. Plaintiff's citation to California Civil Code § 1667, which generally attempts to define "unlawful acts," is not convincing because it does not specifically address this situation. Defense counsel's task and obligation was to represent all of the defendants in this civil case. She did so by negotiating a settlement of the entire action. No impropriety is apparent from simply negotiating a settlement.

Fifth, Plaintiff's motion shows that he was aware of the alleged perjury. Armed with this knowledge, he proceeded to engage in settlement negations and agreed to settle the case. If Plaintiff thought that the settlement or the negotiations were somehow unfair or improper, he should have ceased negotiating and not have signed the agreement. There is no harm to Plaintiff that is apparent, nor is there any discernable reasonable mistake.

Ultimately, Plaintiff wants the Court to void his settlement agreement because he believes that it violates California public policy. However, under California law, "unless it is entirely plain that a contract is violative of sound public policy, a court will never so declare. The power of the

courts to declare a contract void for being in contravention of sound public policy is a very delicate and undefined power, and … should be exercised only in cases free from doubt." City of Santa Barbara v. Superior Ct., 41 Cal.4th 747, 777 n.53 (2007).  As discussed above, Plaintiff has not shown that this case is "free from doubt."  Id.  Plaintiff's Rule 60 motion will be denied.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for relief under Rule 60(b) (Doc. No. 179) is DENIED;
2. No motions for reconsideration of this order will be entertained; and
3. This case remains CLOSED.

IT IS SO ORDERED.

Dated:   July 26, 2016                              _____
                                                           SENIOR  DISTRICT  JUDGE